**DiCESARE–ENGLER PRODUCTIONS, INC., a corporation, Plaintiff,**

v.

**MAINMAN LTD., a corporation and David Bowie, an Individual, Defendants.**

Civ. A. No. 76–292.

United States District Court, W. D. Pennsylvania.

Oct. 19, 1976.

David Abrams, Monroeville, Pa., for plaintiff.

Stanley M. Stein, Fieldstein, Bloom, Grinberg, Stein & McKee, Pittsburgh, Pa., for defendants.

## OPINION

COHILL, District Judge.

The facts alleged in the complaint of plaintiff, DiCesare-Engler Productions, Inc., will be taken as true for the purposes of the disposition of these motions.

Plaintiff is a corporation, doing business in Pennsylvania, and is in the business of promoting music concerts. Defendant, Mainman Ltd. ("Mainman"), is a corporation doing business in Pennsylvania. Defendant, David Bowie ("Bowie"), is a singer and a non-resident of Pennsylvania. Mainman acted as a booking agent in the situation under consideration here.

On May 30, 1974, plaintiff entered into an oral agreement with Mainman whereby Mainman was to furnish the services of Bowie for a concert to be held on June 25, 1974 in the Cincinnati Gardens, Cincinnati, Ohio. Plaintiff had executed a written lease of the Gardens for the day of the concert, and Mainman later cancelled the concert. Plaintiff seeks damages exceeding $10,000 resulting from the cancellation.

The case is before the court on the motions of both defendants for a preliminary injunction to enjoin plaintiff and plaintiff's counsel from proceeding with a related action against the defendants in the Court of Common Pleas of Allegheny County, Pennsylvania. We are also requested to strike off a default judgment entered against Bowie in this court and to require counsel for plaintiff to pay Bowie counsel fees pursuant to Title 28 U.S.C. § 1927.

### Procedural History

In July, 1974, plaintiff filed suit against Mainman and Bowie in the Court of Common Pleas of Allegheny County, Pennsylvania, for breach of the concert contract and for tortious interference with a contractual relationship, namely the lease of the Gardens. The action in the Common Pleas Court (hereinafter referred to as Suit # 1) was begun by a Praecipe for a Writ of Foreign Attachment. On July 5, 1974, the defendants removed the case to this court at Civil Action No. 74–657. In the intervening period, the Court of Appeals for the Third Circuit in *Jonnet v. Dollar Savings Bank,* 530 F.2d 1123 (1976), held the Pennsylvania foreign attachment procedure to be unconstitutional. Since plaintiff had obtained service of process via that procedure, defendants' motion to dismiss Suit # 1 on the basis of *Jonnet* was granted by Hon. Louis Rosenberg of this court on March 11, 1976.

Prior to the court's disposition of the motion to dismiss, and apparently as a hedge against the possibility of Suit # 1 being dismissed because of the *Jonnet* case, plaintiff filed a second suit (Suit # 2) in the Court of Common Pleas of Allegheny County, alleging the same cause of action against the defendants as was alleged in Suit # 1. Service of process in Suit # 2 was attempted to be made on the defendants pursuant to the Pa.R.Civ.P. 2180(c) (service upon corporation) and 2079 (service upon individual) which provide that service

may be effected by delivering a copy of the complaint by registered mail to the Secretary of the Commonwealth and to the defendant at its principal place of business or last known address. A copy of the complaint was delivered by registered mail to the Secretary and to the offices of Mainman in New York. A copy of the complaint also was sent by registered mail to Bowie at 9465 Wilshire Blvd., Beverly Hills, California, where it was refused.

On March 4, 1976, Defendant Mainman, by Petition, caused Suit # 2 to be removed to this court at Civil Action No. 76–292. Defendant Bowie was not a party to that petition.

Plaintiff took a default judgment against Bowie in Suit # 2 in the Court of Common Pleas of Allegheny County, and filed an affidavit of default and caused a default judgment to be entered against Bowie in this court on March 25, 1976. Notice of the default judgment was mailed to Bowie at the 9465 Wilshire Blvd. address, where it was forwarded to Bowie's California attorney at 10850 Wilshire Blvd.

On April 26, 1976, defendant Bowie filed in this court a motion to strike the entry of the default judgment and submitted an affidavit signed by Bowie's California attorney, to the effect that 9465 Wilshire Blvd. was not the residence or business address of either Bowie or Bowie's attorney. On May 21, 1976, plaintiff filed an answer to the motion to strike entry of the default, alleging that Bowie had failed to join in the removal to federal court and averring that Bowie was in fact served at his last known address as required by Pennsylvania law.

On June 24, 1976, Bowie filed a consent to the removal from the Court of Common Pleas. On the same day, June 24, defendants Mainman and Bowie filed a motion for preliminary and permanent injunctions to prevent the plaintiff from proceeding on the judgment in state court and for assessments of costs pursuant to the 28 U.S.C. § 1927. A hearing on these motions was held on June 24; after oral argument, the disposition of the motions was stayed pending the filing of briefs addressing the jurisdiction issue.

### Jurisdiction

 Before considering the defendants' motions for preliminary and permanent injunctions, two questions must be answered: (1) was this case properly removed from the state court to the federal court? (2) did the state court have jurisdiction over the parties in the first place? If the state court lacked jurisdiction over him in the first place, this court has acquired no jurisdiction over Bowie by removal. *Freeman v. Bee Machinery Co.,* 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943) as cited in *Rockwell v. United States Fidelity and Guaranty Co.,* 137 F.Supp. 317 (M.D.Pa.1955).

The procedure to remove a case from a state court to the federal court is set forth in 28 U.S.C. § 1446, which reads in Part:

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

(b) The petition for removal of a civil action or proceeding shall be filed within the thirty days after the receipt of the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

 Section (a) has been interpreted to mean that all defendants must join in the petition for removal or consent to such action within the 30 day time limitation applicable to removal procedures. On petition to remove a case to federal court, the defendants are to be treated collectively, and as a

general rule, all defendants who may properly join in the removal petition must do so. *P. P. Farmers' Elevator Co. v. Farmers Elevator Mutual Insurance Co.,* 395 F.2d 546 (7th Cir. 1968). *Glenmede Trust Co. v. Dow Chemical Co.,* 384 F.Supp. 423 (E.D.Pa. 1974).

One exception to the requirement that all defendants join in removal is that a nonserved nonresident need not join in the petition. *Howard v. George,* 395 F.Supp. 1079 (S.D.Ohio 1975), citing 1A Moore's Federal Practice ¶ 0.168(3.–2) at 1171 (1965). The petition in such cases must allege that those defendants not joining in the removal were not served in the particular state proceedings. *Gratz v. Murchison,* 130 F.Supp. 709 (D.Dela.1955); *P. P. Farmers' Elevator Co. v. Farmers Elevator Mutual Insurance Co.,* 395 F.2d 546 (7th Cir. 1968). The petition also must give a plaintiff an indication of how federal jurisdiction is being invoked without the joinder in the petition of the other defendant. *Wright v. Missouri Pac. R. Co.,* 98 F.2d 34 (8th Cir. 1938).

Defendant Mainman's petition for removal met these requirements. After a statement of how service of process was effected as to Mainman, the petition averred that: "No other process or proceedings have been had therein to defendant's knowledge." Included with Mainman's petition was a copy of an envelope addressed to David Bowie, 9465 Wilshire Blvd., Beverly Hills, California 90212, No. 5025 Certified Mail Return Requested which was stamped "refused." Plaintiff was thus put on notice that Bowie had not joined in the removal and that the attempted service had not been successful.

As stated, two criteria must be met to establish the exception to the requirement that all defendants must join in the removal petition; the nonjoining defendant (i) must be a nonresident and (ii) must not have been served in the state court proceeding. The first of these criteria clearly is met in the instant case as both the complaint and the petition for removal indicate that Bowie is not a resident of Pennsylvania.

In considering the second criterion, service of process, the federal court must look to the law of the state in which the action was commenced to determine its validity. *Yoder v. Yamaha International Corp.,* 331 F.Supp. 1084 (E.D.Pa.1971).

The procedure for service of process in Pennsylvania's long arm statute, 42 Pa.C. S.A. § 8301 *et seq.* and Pa.R.C.P. 2079 require that service be made both upon the Department of State and also upon the defendant at his last known address. *Action Industries, Inc. v. Wiedeman,* 236 Pa. Super. 447, 346 A.2d 798 (1975).

The plaintiff's affidavit of default states that on or about the 13th day of February, 1976, service of process was effected upon Bowie by the Sheriff of Allegheny County, who served a copy of the Writ and of the Complaint upon the Department of State of the Commonwealth of Pennsylvania and upon Bowie by registered or certified mail, return receipt requested, as provided in 42 Pa.C.S.A. § 8307. The plaintiff's answer to the defendant's motion to strike entry of default averred that service of process was addressed to Bowie's last known address and was addressed in fact to an address which would have furnished Bowie proper notification of the lawsuit.

The plaintiff has not offered any information to support its statement that 9465 Wilshire Blvd., Beverly Hills, California 90212, is in fact Bowie's last known address. Bowie, with his motion to strike entry of default, has submitted an affidavit of his California attorney, attesting to his claim that the 9465 Wilshire Blvd. address is not and never has been his personal residence or business address. We conclude that process was not mailed to defendant Bowie's last known address; this constitutes a fatal flaw which makes service invalid.

Bowie is, therefore, a nonserved nonresident defendant and therefore within the exception to the requirement that all defendants join in or give timely consent to the removal petition of another defendant.

Consequently, the case was validly removed by defendant Mainman alone.

In determining the current status of the action, 28 U.S.C. § 1448 is relevant. That section states in part that:

"In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court . . ."

Where process in an action removed from state court can be authorized under this section, a court will not dismiss the action on the ground that original service of process was defective. *Weinberg v. Colonial Williamsburg, Inc.,* 215 F.Supp. 633 (E.D.N.Y.1963). However, until service is perfected, this court lacks jurisdiction over Bowie. Bowie's untimely consent (June 24, 1976) to the removal does not prevent him from raising jurisdictional issues. Furthermore, neither defendants' removal of the action to this court nor their several motions attacking jurisdiction constitute a waiver of defects in service of process. *George v. Lewis,* 228 F.Supp. 725 (D.C.Colo. 1964).

It is clear that since the service on Bowie was invalid, the state court did not acquire jurisdiction over him. This court cannot "complete" the service attempted while the action was in a state court by permitting an attempt at service after removal. Rather, the court must issue new process pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Only when Bowie is served successfully according to the dictates of the Federal Rules, can this court address defendants' motion for preliminary and permanent injunctions to prevent the plaintiff from proceeding in state court.

Since there has been no service as to Bowie, the default judgment entered against Bowie in this court must be stricken.

An appropriate order will be entered.