INTERCOASTAL REFINING COMPANY, INC., Plaintiff,

v.

Abdul JALIL and David D. Norkin, Defendants.

Civ. A. No. H–80–39.

United States District Court, S. D. Texas, Houston Division.

April 11, 1980.

James A. Carmody, Houston, Tex., for plaintiff.

C. Leland Hamel, Scott D. Cunningham, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

CIRE, District Judge.

Plaintiff instituted this action in the 11th Judicial District Court of Harris County for breach of contract. Defendant, Abdul Jalil, received service of process through the Sec-retary of State on December 17, 1979. Defendant, David D. Norkin, received service in the same manner the following day. Within thirty days of the date that he received service, Jalil removed the action to this Court. On February 29, 1980, well over the proscribed time limit for removal of civil cases to federal district court, as found in 28 U.S.C. § 1446(b), Norkin filed a joinder in the petition to remove. Now moving for remand, Plaintiff argues that the action was improvidently removed due to the failure of both Defendants to join in a timely removal petition. The Defendants concede that procedural irregularities exist in the removal process. They maintain, however, that the Plaintiff has waived the right to remand by filing a jury demand and by agreeing to an order extending Defendant Jalil's time to answer in this Court. These actions all occurred after the filing of Jalil's removal petition and before the filing of Norkin's joinder therein and the filing of Plaintiff's motion for remand.

A District Court may remand a case that has been improvidently removed if one of the statutory requirements for removal has not been satisfied. *In re Merrimack Mutual Fire Ins. Co.*, 587 F.2d 642 (5th Cir. 1978); *Robertson v. Ball*, 534 F.2d 63 (5th Cir. 1976). Under the removal procedures set forth in 28 U.S.C. § 1446, a petition for removal must be filed within thirty days after receipt of service and all defendants who may properly join in the removal petition must do so within the required time. *Tri-Cities Newspaper, Inc. v. Tri-Cities Printing Pressman and Assistants Local 349*, 427 F.2d 325 (5th Cir. 1970); *Crompton v. Park Ward Motors, Inc.*, 477 F.Supp. 699 (E.D.Pa.1979); *Friedrich v. Whittaker Corp.*, 467 F.Supp. 1012 (S.D.Tex. 1979).

Removal proceedings are in the nature of process to bring the parties before a federal court and mere procedural defects are not jurisdictional. *Covington v. Indemnity Ins. Co.*, 251 F.2d 930 (5th Cir.), *cert. denied*, 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365 (1958). Consequently, any defect in the removal process that does not go to the jurisdiction of the federal court to

which the action is removed is waivable. 14 Wright, Miller and Cooper, Federal Practice and Procedure § 3721, p. 543 (1976). The failure of a defendant to join in a removal petition or consent to such action within the thirty day time limitation is a waivable, nonjurisdictional defect. *Robertson v. Ball*, 534 F.2d 63 (5th Cir. 1976): *Staples v. Joseph Morton Co., Inc.*, 444 F.Supp. 1312 (E.D.N.Y.1978); *Miles v. Starks*, 440 F.Supp. 947 (N.D.Tex.1977).

The type of post-removal conduct that constitutes a waiver of the right to remand has been described as:

> ". . . affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand . . ."
> *Maybruck v. Haim*, 290 F.Supp. 721 (S.D. N.Y.1968);

see also, *Miles v. Starks*, 440 F.Supp. 947 (N.D.Tex.1977); *Transport Indemnity Co. v. Financial Trust Co.*, 339 F.Supp. 405 (C.D. Cal.1972). The filing of a jury demand in federal court prior to insisting upon the right to remand has been held to be that type of affirmative conduct on the part of a plaintiff that constitutes a waiver of the right to remand an action for failure to strictly comply with removal procedures. *Green v. Zuck*, 133 F.Supp. 436 (S.D.N.Y. 1955); *Mellon v. International Shoe Co.*, 32 F.2d 390 (D.C.Mass.1929). See also, *Transport Indemnity Co. v. Financial Trust Co.*, 339 F.Supp. 405 (C.D.Cal.1972).

█ Accordingly, this Court holds that the Plaintiff's post-removal conduct, occurring prior to insisting upon the right to remand, amounts to an assent to the removal of this action and a waiver of the nonjurisdictional irregularities that existed therein. It is therefore,

ORDERED that the motion of Plaintiff, Intercoastal Refining Company, Inc., for remand of this action to the 11th Judicial District Court for Harris County, be DENIED.