Daniel LONTHIER, Roxanne Lonthier

v.

**NORTHWEST INSURANCE COMPANY, et al.**

Daniel LONTHIER, Roxanne L. Lonthier

v.

**NORTHWEST INSURANCE COMPANY, et al.**

Civ. A. Nos. 84–1600, 84–1603.

United States District Court, W.D. Louisiana, Lake Charles Division.

Jan. 4, 1985.

Jerry G. Jones, Jones, Jones & Alexander, Cameron, La., for plaintiffs.

Randall K. Theunissen, Allen, Gooch, Bourgeois, Breaux & Robison, Lafayette, La., F. William Mahley, Ross, Griggs & Harrison, Houston, Tex., David R. Frohn and Donald C. Brown, Camp, Carmouche, Barsh, Hunter, Gray & Hoffman, Lake Charles, La., for defendants.

VERON, District Judge.

## RULING

This matter comes before the Court on the motion of the plaintiffs, Daniel and Roxanne Lonthier, to remand these consolidated actions to the Thirty-Eighth Judicial District Court in Cameron Parish, Louisiana. The two federal suits began as only one suit in state court. Daniel Lonthier sued his alleged employer's insurers, Northwest Insurance Company and Mid-Continent Underwriters, Inc., under the Jones Act and both Lonthiers sued Sabine Towing and Transportation Co., Inc., and Union Oil Company of California under general maritime tort law. Sabine and Union each filed a separate petition for removal on the same date, producing two civil actions in federal court.

 At the outset, the petitions for removal are defective on their face. All defendants who have been served must join in a petition for removal. *See, e.g., Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local,* 427 F.2d 325 (5th Cir.1970). Where all of the defendants do not sign the removal petition, the petition must set forth a reason, such as lack of service, for not including all of the defendants. *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Insurance Co.,* 395 F.2d 546 (7th Cir.1968). Here, the Court might conclude that Union and Sabine have each joined in the other's petition as each defendant sought to remove the case on the same day. The defendant insurers did not join in either petition, however, and neither petition gives a reason why the signatures of Northwest and Mid-Continent would not be necessary to effect removal. Both petitions therefore appear to be defective. Yet the Court need not rest on this ground, nor consider whether the plaintiff has waived this objection by failing to include it in his motion to remand, because the action is not removable in any event.

 A Jones Act suit in state court cannot be removed to federal court. *See, e.g., Addison v. Gulf Coast Contracting Services, Inc.,* 744 F.2d 494, 498 n. 3 (5th Cir.1984). The defendants contend, however, that Lonthier is not a seaman and that he therefore has no Jones Act claim. They urge that the case can be removed on the basis of diversity and on the basis of federal questions presented under the Longshoremen and Harborworkers Compensation Act and general maritime law.

The defendants seek an opportunity to pursue discovery on the status issue. Yet the mere assertion that the plaintiff is not a Jones Act seaman cannot overcome the motion to remand where, as in the case here, the complaint states a claim under the Jones Act. In order to prevail on the motion to remand in this situation, the defendants must go further and prove that the allegation of Jones Act status is so baseless, colorable and false so as to constitute a fraudulent attempt to evade removal to federal court. *Yawn v. Southern Ry. Co.*, 591 F.2d 312, 316–17 (5th Cir.1979) (FELA case); *Rosario v. Waterman Steamship Corp.*, 158 F.Supp. 537, 538–39 (S.D.N.Y. 1957) (Jones Act). The burden of proving that the allegations were made fraudulently falls on the defendants, and any doubts should be resolved in favor of the plaintiffs. *Yawn*, 591 F.2d at 316.

 With these standards in mind, the question naturally arises as to whether the Court should permit further discovery and withhold ruling on the motion to remand pending an evidentiary hearing on Jones Act status. District courts should not "pretry" substantive factual issues in order to make a preliminary determination as to the existence of subject matter jurisdiction on removal. *See Green v. Amerada Hess Corp.*, 707 F.2d 201, 204–05 (5th Cir.1983) (fraudulent joinder issue); *B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 546, 550–51 (5th Cir.1981) (same). The issue of seaman's status goes to the substance of the plaintiff's claim for liability under the Jones Act; the Court therefore should not withhold ruling on the motion to remand pending further discovery and an evidentiary hearing. *See also Gutierrez v. Pacific Tankers, Inc.*, 81 F.Supp. 278 (S.D.Tex. 1948) (similar conclusion); *Gunderson v. Barber Asphalt Corp.*, 71 F.Supp. 40 (E.D. N.Y.1947) (same). If the Court were to rule otherwise and permit extensive factual inquiry on this issue, defendants would be able to routinely try the question of Jones Act status in federal court by filing a petition for removal. Congress has granted the Jones Act plaintiff the right to pursue his claim in state court without removal to federal court and, absent proof of fraud in the allegations of Jones Act status, the plaintiff is entitled to litigate his claim, whatever its ultimate merit, in state court. In short, the Court will not try the question of seaman's status on the motion to remand under the same standard and procedure as it would on a motion for summary judgment brought in a federal Jones Act suit. The motion to remand compels the defendant to come forward with proof that the allegation of Jones Act status is so baseless, colorable and false so as to constitute a fraudulent attempt to evade removal. Absent such proof, the case will be remanded without further delay.

Here, the defendants did not even allege in their petitions for removal that the Jones Act claim asserted in state court was baseless and therefore no bar to removal. Indeed, in paragraph six of its petition, Union alleged that "plaintiffs state claims arising out of the Jones Act and General Maritime Law, thus a federal question is presented." Thus, on the face of the papers filed with the petitions for removal, the matter was not removable because the state court petition plainly stated a claim under the Jones Act.

 But even looking beyond this deficient jurisdictional pleading to the evidence presented on the motion to remand, it does not appear that Daniel Lonthier has made a baseless, colorable and plainly false claim to seaman's status. Resolving any factual disputes in favor of the plaintiff, it appears that Lonthier worked for Sweet Lake Construction Company, which was doing contract work for Union Oil Company in the Sweet Lake Field. The company's work involved upkeep of the oil and gas field, placement of new pipelines, repairs on pipelines, well hook-ups, maintenance on main platforms, pipesetting, vessel cleanup and any repair work needed. Lonthier would, in the course of his daily duties, operate the UOCO #51, a 70′ × 30′ self-propelled barge, apparently to transfer work crews and supplies from the Union Oil landing to the oilfield and to move them around in the

field. Lonthier also ran three other crew boats from time to time between the field and the Union Oil landing. Lonthier's other duties included maintenance work on oil and gas wells and platforms, acting as a relief pumper when Union Oil was short-handed, and loading out oil barges for Union Oil. Lonthier normally commuted to work from his home ashore and had his meals on the main platform. He would sleep on the platform if he was required to stay overnight as a relief pumper. Lonthier was injured while assisting in the loading of an oil barge when he slipped in stepping from the barge to a dock.

On these facts, the defendants might possibly be entitled to judgment in their favor as a matter of law on a motion for summary judgment. Or they may ultimately prevail on the status issue at the trial on the merits. But those issues are not presented here. The Court cannot say on these facts that the claim of Jones Act status is so baseless, colorable and false so as to warrant removal. Daniel Lonthier's Jones Act claim must therefore be remanded to state court.

The defendants alternatively request the Court to remand only the Jones Act claim and retain jurisdiction over the general maritime and unseaworthiness claims asserted against them. These claims are removable, however, only if they constitute "separate and independent" claims or causes of action in relation to the non-removable Jones Act claim. *See, e.g., Addison,* 744 F.2d at 498–99; 28 U.S.C. § 1441(c). Claims are not separate and independent under section 1441(c) where there is a wrongful invasion of a single primary right of the plaintiff arising from an interlocking series of transactions, regardless of the number of legal causes of action alleged. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) (multiple defendants causing a single wrong); *Addison,* 744 F.2d at 500. Here, the Lonthiers allege that the wrongful acts of all of the defendants together caused Daniel Lonthier to slip and fall. They have therefore alleged that they have suffered a wrongful invasion of a single primary right, their mutual interest in Daniel Lonthier's health and physical integrity, by an interlocking series of transactions, the combined wrongful acts of the defendants. Thus, the third party general maritime and unseaworthiness claims are not removable as separate and independent claims under section 1441(c).

Accordingly, the motion to remand is GRANTED.