**J.B. COURTNEY, II, et al.**

v.

**William L. BENEDETTO, et al.**

Civ. A. No. 85–450–B.

United States District Court,
M.D. Louisiana.

Jan. 24, 1986.

John N. Gallaspy, Gallaspy & Paduda, Bogalusa, La., John W. DeGravelles, Dué Dodson, de Gravelles, Robinson, & Caskey, Baton Rouge, La., for plaintiffs.

F.W. Middleton, Taylor, Porter Brooks & Phillips, Baton Rouge, La., Vickie Crochet, A.R. Christovich, Jr., Christovich & Kearney, New Orleans, La., for defendants.

POLOZOLA, District Judge.

On April 22, 1985, the plaintiffs filed this suit in the Twenty-First Judicial District for the Parish of St. Helena against William L. Benedetto, Clarence Bailey, Ed Cryer, Walter Jones, Richards Company and Gulf States Utilities Company ("GSU") to recover damages allegedly caused to their property by the construction of a high voltage electricity line. GSU, a Texas corporation, was served on April 26, 1985; Benedetto, Bailey and Jones, all Louisiana residents, were served on April 29, 1985; and Edward Cryer, a citizen of Texas, was served pursuant to the Louisiana "Long Arm" Statute, Louisiana Revised Statute 13:3204. The Richards Company was never served. On April 29, 1985, one week after the suit was originally filed, the plaintiffs filed a supplemental and amending petition naming CLECO, a Louisiana corporation, as an additional defendant. CLECO was served with this supplemental and amended petition on May 7, 1985; Benedetto, Bailey and Jones were served with the amended petition on May 8, 1985; and GSU was served with the amended complaint on May 14, 1985. The Richards Company was never served. On May 10, 1985, four days before GSU had been served with the supplemental and amending petition, but eleven days after it had been filed, GSU and Cryer filed a petition for removal, alleging in their petition that the defendants Benedetto, Bailey and Jones were nominal parties joined solely to defeat diversity. As stated previously, the Richards Company was never served with either the original or the supplemental and amending petition and, therefore, did not join the petition for removal. On July 3, 1985, GSU and Cryer filed a supplemental petition for removal alleging that CLECO was a nominal party joined solely to defeat diversity. The supplemental petition for removal also stated that the status of CLECO had not been addressed in the original petition for removal because GSU and Cryer had no notice at the time the original removal had been filed that CLECO had been added as a defendant.

On July 9, 1985, CLECO filed a motion for summary judgment on the ground that it has no connection with the activities of GSU with regard to the transmission lines at issue. On August 22, 1985, Benedetto, Bailey and Jones also moved for summary judgment contending that they are nominal parties who, as a matter of law, have no liability to the plaintiffs. The movers in both motions for summary judgment allege that they were named as defendants in the present suit solely for the purpose of defeating diversity.

Thereafter, the plaintiffs filed a motion to remand contending that this court lacks subject matter jurisdiction because complete diversity between all defendants and plaintiffs was not present. A motion to continue the hearings on defendants' motions for summary judgment until the court decided the motion to remand was also filed by the plaintiffs and denied by the court because the court concluded that it was necessary to consider the merits of these motions in ruling on the motion to remand. In opposition to the motions for summary judgment, the plaintiffs filed the affidavit of John W. Gravelles, attorney for the plaintiffs, stating that: (1) no discovery had been conducted in the case because the plaintiffs did not want to waive the right to file a motion to remand; and, (2) the plaintiffs needed additional time to pursue discovery regarding certain enumerated issues so that they could adequately oppose the motions for summary judgment. Subsequently, the plaintiffs filed a motion for a continuance of all three motions so that

discovery could be conducted, which was granted by the court. At the end of the discovery period, the plaintiffs filed a supplemental opposition to the motions for summary judgment stating that they had "reconsidered their position with regard to the taking of additional discovery" and requested that the court decide all three motions based upon the record now before the court.

The plaintiffs' motion to remand is based upon two grounds. First, the plaintiffs contend that complete diversity, as required by *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806), is lacking. Since diversity jurisdiction is the only basis for subject matter jurisdiction asserted by the defendants, and it is obvious that complete diversity does not exist in this case, the defendants improperly removed this case to the federal court.[1] Defendants contended in their original and supplemental petitions of removal that Benedetto, Bailey, Jones and CLECO were fraudulently joined and, therefore, the citizenship of these parties should not be considered when diversity is determined. However, the plaintiffs contend that: (1) such allegations, with no factual basis set forth in the petition, is insufficient; and, (2) they have demonstrated that a valid cause of action exists against all non-diverse defendants.[2] The plaintiffs also contend that the procedure employed by GSU and Cryer to remove the present action was defective. More specifically, the plaintiffs allege that: (1) CLECO did not join the original petition for removal; (2) there was no allegation in such petition why CLECO had not joined the petition for removal; and (3) the amended or supplemental petition for removal which asserted that CLECO was a nominal party joined solely to defeat diversity was untimely filed because it was filed more than 30 days after any party had been served with the supplemental and amending state court petition naming CLECO as an additional defendant.[3]

■■■ Courts have consistently construed 28 U.S.C. § 1446(a)[4] to require that all defendants either join the petition for removal or to consent to such removal. See, e.g., *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272 (7th Cir.1982); *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 394*, 427 F.2d 325 (5th Cir.1970); *Lontheir v. Northwest Insurance Company*, 599 F.Supp. 963 (W.D.La.1985); *Mason v. International Business Machines & RTKL*, 543 F.Supp. 444, 446 (M.D.N.C.1982) and *Baldwin v. Perdue, Inc.*, 451 F.Supp. 373, 376 (E.D.Va. 1973). Furthermore, defendants mandated by 1446(a) to either join the petition for removal or to consent to such removal must do so within thirty (30) days of notice

---

1. See 28 U.S.C. § 1441(a), which defines actions that are removable as follows:

   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

2. In *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 177 (5th Cir.1968) the Fifth Circuit, in addressing the issue of fraudulent joinder, stated that a court must determine "whether there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved." In *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 reh. denied 714 F.2d 137 (5th Cir.1983) and cert. denied 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984) the Fifth Circuit reiterated that

   [t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

3. See 28 U.S.C. § 1446(b).

4. 28 U.S.C. § 1446(a) provides that:

   A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

or service of process.[5] *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 394,* 427 F.2d 325; *Brooks v. Rosiere,* 585 F.Supp. 351 (E.D.La.1984); *Albonetti v. GAF Corporation—Chemical Group,* 520 F.Supp. 825 (S.D.Tex.1981) and *Intercoastal Refining Co., Inc. v. Jalil,* 487 F.Supp. 606 (S.D.Tex.1980). The exceptions to the general rule that all defendants join or consent to the petition for removal exist when: (1) the non-joining defendant has not been served with service of process at the time the removal petition is filed;[6] (2) the non-joining defendant is merely a nominal or formal party;[7] and, (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c).[8] See *Mason v. International Business Machines & RTKL,* 543 F.Supp. at 446, n. 1 and *Albonetti v. GAF Corporation—Chemical Group,* 520 F.Supp. at 827. A necessary corollary to 1446(a) which requires the petition for removal contain "a short and plain statement of the facts which entitle him or them to removal" is that the removal petition must set forth the reason why a defendant named in such action has not joined the petition for removal. *Lewis v. Rego Co.,* 757 F.2d 66 (3rd Cir.1985); *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co. & New Amsterdam Casualty Co.,* 395 F.2d 546 (7th Cir.1968); *Wright v. Missouri Pac. R. Co.,* 98 F.2d 34 (8th Cir.1938); *Hardesty v.*

*General Foods Corp.,* 608 F.Supp. 992 (N.D.Ill.1985); *Lontheir v. Northwest Insurance Company,* 599 F.Supp. 963 (W.D.La.1985); *Romashko v. Avco Corp.,* 553 F.Supp. 391 (N.D.Ill.1983); and *DiCesare-Engler Productions, Inc. v. Mainman, Ltd.,* 421 F.Supp. 116 (W.D.Pa.1976). A petition for removal filed by less than all defendants is considered defective if it does not contain an explanation for the non-joinder of those defendants. *Id.* In *Romashko v. Avco Corp.,* 553 F.Supp. 391, 392 (N.D.Ill.1983), the court stated that "[i]t is the defendant's burden under the removal statute (28 U.S.C. § 1446(a)) to explain affirmatively the absence of co-defendants in the petition for removal, and failure to set out such explanation renders the removal petition defective."

In the present case, the original petition for removal contained explanations as to why the Richards Company, Benedetto, Bailey and Jones had not joined the petition for removal,[9] although it contained no explanation as to why CLECO had not joined.[10] Four days after the petition for removal was filed in this court, GSU was served with the supplemental and amending petition naming CLECO as an additional defendant in the state court action. The defendants, however, did not amend the original petition for removal to "affirma-

---

**5.** 28 U.S.C. § 1446(b) provides, in pertinent part, that:

> The petition for removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, which ever period is shorter.

**6.** This is commonly referred to as the non-served defendant exception. *Pullman Co. v. Jenkins,* 305 U.S. 534, 540–41, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939); *Albonetti v. GAF Corporation—Chemical Group,* 520 F.Supp. 825 (S.D. Tex.1981).

**7.** See *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 394,* 427 F.2d 325 (5th Cir.1970).

**8.** 28 U.S.C. § 1441(c) provides that:

> Whenever a separate and independent claim or clause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

**9.** The Richards Company did not join the removal because it had never been served. Benedetto, Bailey and Jones were not joined because they were nominal parties.

**10.** The original petition for removal was filed eleven (11) days after the amending petition naming CLECO as an additional defendant was filed in state court and three (3) days after CLECO was served with such petition.

tively explain the absence" of CLECO until it filed a supplemental petition for removal alleging that CLECO was a nominal party joined solely to defeat diversity on July 3, 1985, some 50 days after GSU had been served with the supplemental and amending state court petition, 54 days after the original petition for removal had been filed, 57 days after CLECO had been served, and 65 days after the supplemental and amending petition had been filed in state court.

Therefore, the question before the court is whether this supplemental petition for removal filed substantially after the thirty day limitation set forth by 28 U.S.C. § 1446(b) which sets forth the reason why CLECO had not joined in the original petition for removal can cure the defective original petition for removal. This court finds that the supplemental petition was not timely filed and, therefore, cannot cure the procedurally defective original petition.

■ A removal petition may be amended freely within the thirty day period set forth in 1446(b). *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270. However, after the thirty day period has lapsed, amendments to remedy "defective allegations of jurisdiction" are permitted pursuant to 28 U.S.C. § 1653.[11] This right to amend removal petitions pursuant to § 1653 after the thirty day period set forth in 28 U.S.C. § 1446(b) is considered limited and cannot be used to cure "a substantial defect in removal proceedings." *Mason v. International Business Machines & RTKL*, 543 F.Supp. at 446. The *Mason* court refused to allow an amendment, after the thirty day period had lapsed, to allege that a non-joining party consented to removal, stating that such "failure to join in or consent to removal [was] a substantial

defect in the removal proceeding." *Id.* Furthermore, in *Cook v. Robinson*, 612 F.Supp. 187, 190 (D.C.Va.1985), the court refused to allow an amendment under § 1653 to allege that the original petition for removal was timely stating that "[d]efendants did not defectively allege the timeliness of their petition, but rather failed to make any allegation at all concerning the timeliness of the petition. Therefore, 28 U.S.C. § 1653 is inapplicable."[12]

■ In conclusion, this court finds that while the requirement for timely filing the petition for removal is not jurisdictional, it is mandatory. *Mason v. International Business Machines & RTKL*, 543 F.Supp. at 446. Furthermore, the untimely filing or amending of a petition for removal has been classified as a defect causing "improvident" removal within the purview of 28 U.S.C. § 1447(c) which provides, in pertinent part, that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs." *Royal v. State Farm Fire & Casualty Co.*, 685 F.2d 124 (5th Cir.1982). Therefore, since the original petition was defective and failed to allege why CLECO had not joined the petition for removal, this defect could not be, and, consequently, was not cured by the untimely filing of the supplemental petition for removal on July 3, 1985. Thus, this case was improvidently removed and must be remanded to state court.

Since the court has based its decision to remand the present action to state court for the reasons set forth above, it is not necessary for the court to determine whether there was a fraudulent joinder of

---

11. 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

12. The defendants argue that the CLECO's motion for summary judgment on the basis that there is no viable claim against it in the present action should be considered as its consent to the removal. Therefore, it is asserted that the filing of this motion should cure any procedural defect in the removal petition caused by CLECO's

failure to join in such. Without making any decision with regard to whether the filing of such motion for summary judgment would be sufficient to convey consent to removal, this court notes that such motion was filed on July 9, 1985, and, therefore, for the reasons just stated in the text, this "consent" is also untimely to cure the defect in the petition caused by CLECO's failur to join in such.

parties. In addition, the court finds that since the case is to be remanded to state court, it would be more appropriate for the state court to decide the motions for summary judgment.

Therefore:

IT IS ORDERED that the motion of the plaintiffs, J.B. Courtney, II, Norman Durnin and T.E. Davis, Jr., to remand the present case to the Twenty-First Judicial District Court, Parish of St. Helena, State of Louisiana, be and it is hereby GRANTED.

Judgment shall be entered accordingly.