**The COMPUTER PEOPLE, INC.**

v.

**COMPUTER DIMENSIONS INTERNA-TIONAL, INC., et al.**

**Civ. A. No. 85–886–B.**

United States District Court, M.D. Louisiana.

July 21, 1986.

Anthony M. Fazzio, Fazzio & Saitta, Lafayette, La. for plaintiffs.

Claude F. Reynaud, Breazeale, Sachse & Wilson, Baton Rouge, La. for defendants.

POLOZOLA, District Judge.

The Computer People, Inc. ("Computer People") and four of its shareholders, David Graf, Sr., David Graf, Jr., Virginia Graf, and Elizabeth Graf filed this suit against Computer Dimensions International, Inc. ("Computer Dimensions") and Jerome Vitt seeking the return of the purchase price of certain computers sold by Computer Dimensions to Computer People and compensatory damages for breach of contract and damage to the value of Computer People stock. The suit was filed originally in the Sixteenth Judicial District Court, St. Mary Parish, Louisiana, and was

timely removed to the United States District Court for the Western District of Louisiana. The suit was then transferred to this court pursuant to 28 U.S.C. § 1404. This matter is now before the court on plaintiff's motion to remand. The court finds the motion to remand should be granted.

Jurisdiction on removal originally was based on diversity of citizenship under 28 U.S.C. § 1332. No diversity of citizenship is shown on the face of the petition. The plaintiff David Graf, Jr. and both defendants are alleged to be citizens of the State of Texas. However, the defendants contend that although Graf's residence changed in August of 1984 when he moved from Louisiana to Texas, his intent was to remain a citizen of Louisiana.

■ Domicile depends on the concurrence of two factors: residence and the intent to reside indefinitely in a particular place. *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir.1954). The place where a person lives is taken to be his proper domicile until the evidence establishes the contrary. *District of Columbia v. Murphy*, 314 U.S. 441, 455, 62 S.Ct. 303, 309–11, 86 L.Ed. 329 (1941). The factors to be considered in determining domicile, as set forth by the Supreme Court in *Murphy*, include the following:

1. Whether or not an individual votes where he claims domicile;

2. The manner in which an individual lives, taken in connection with his station in life, *i.e.*, whether he rents or buys a home;

3. Whether his family and dependents have moved to the new residence;

4. Whether an individual's belongings have been moved to the new residence;

5. One's relationships with churches, clubs, and investments in the new residence;

6. Whether or not a place of abode is retained in the old state of residence;

7. Whether or not investments in local property or enterprise attach one to the former residence;

8. Whether one retains affiliations with professional, religious and fraternal life of the former community; and

9. What domicile is claimed for tax purposes.

Other factors which the courts have considered include the state where one registers his automobile and obtains a driver's license. *United States v. Scott*, 472 F.Supp. 1073 (D.C.Ill.1979).

■ After considering the above factors and the evidence presented in this case, it is clear that David Graf, Jr. established a residence in Texas with the intent of remaining there indefinitely. Thus, the court finds David Graf, Jr. to be a citizen of the State of Texas. Graf, a single man, moved to Dallas, Texas, with all of his personal belongings. He works for a Texas corporation. He is registered to vote in Texas, maintains a Texas driver's license, and his car is registered in Texas. Graf has established relationships with a church and a club in Texas. He also owns a commercial recording studio in Texas, and his personal checking account and automobile loan are with Texas banks. His personal physician lives in Texas. All of Graf's social contacts are in Texas. Graf has never owned real property in Louisiana, has no residence here, and has severed his ties with this state. The mere fact that members of his family are prominent citizens of Morgan City, Louisiana, and that he has a savings account and a loan with a Morgan City bank cannot, without more, establish an intent on his part to return to Louisiana as contended by the defendants.

Thus, this suit was removed improvidently and without jurisdiction based on the grounds alleged in the original petition for removal. There is simply no complete diversity between all the plaintiffs and all the defendants as required by *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). However, after this motion to remand was filed, the defendants filed an amended removal petition in which they contend, as an

alternate basis for removal, that the claims of the plaintiffs are separate and independent from each other. Removal of an entire case is proper under 28 U.S.C. § 1441(c) when a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action. Thus, if the claims of the Louisiana plaintiffs are separate and independent from the claims of David Graf, Jr., the entire suit would be removable despite the lack of complete diversity.

In *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Supreme Court held that a single plaintiff's claims against multiple defendants were not separate and independent where there was a "single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions." *Finn*, 341 U.S. at 14, 71 S.Ct. at 540. Professors Wright, Miller and Cooper state that the logic of *Finn* "supports the argument that removal is not available when a number of plaintiffs join their claims against a single defendant arising from a *common wrong* allegedly committed by the latter." 14A *C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure* § 3724, at pp. 368–369 (2d Ed.1985) (emphasis added).

The defendants contend that *Finn* does not bar removal under the facts of this case because there are multiple plaintiffs involved asserting different causes of action. In support of this contention, defendants cite *Northside Iron & Metal Co. v. Dobson & Johnson, Inc.*, 480 F.2d 798 (5th Cir.1973), in which the Fifth Circuit held that the claims of eight subcontractors suing two defendants for fraud and deceit were separate and independent within the meaning of § 1441(c). The defendants interpret *Northside* and the court's reliance on a hypothetical of Professor Moore to mean that all claims asserted by plaintiffs in a single action are separate and independent from each other. Thus, defendants contend that cases involving multiple plaintiffs are always removable under § 1441(c)

if one of the plaintiffs has a removable claim. However, it is clear that the Fifth Circuit did not intend *Northside* to be interpreted that broadly. After quoting Professor Moore's hypothetical involving separate and independent claims, the court cites another passage from Professor Moore's treatise, which states:

> [W]here two or more plaintiffs join in one action to sue one or more defendants, separate and independent claims may or may not be present. If the plaintiffs, for example, are suing to enforce a right held jointly by them, they are not asserting separate claims. If, on the other hand, the plaintiffs, having joined in the action because of a common question of law or fact, are proceeding to enforce rights that are individual to them, then the action involves separate and independent claims for removal purposes.

*J. Moore, B. Ringle & J. Wicker*, 1A *Moore's Federal Practice* § 0.163[4.–5], at p. 336 (footnotes omitted).

■ The claims asserted by the plaintiffs in this case may be divided into three categories: (1) claims asserted by the individual members of the Graf family and not asserted by the corporation, *e.g.*, the shareholders' action for diminution in the value of Computer People stock; (2) claims asserted by the corporation but not asserted by the Grafs, *e.g.*, the redhibition action by the corporation for the defective computers; and, (3) claims common to both the corporation and the Grafs, *e.g.*, the breach of contract claims. All of these claims do not arise from a common wrong or a jointly held right. The redhibition action by the corporation clearly is separate and independent from the remaining claims asserted by the plaintiffs. This claim is removable because there is diversity of citizenship and the amount in controversy exceeds $10,000. Thus, the entire case was removable under § 1441(c).

■ However, the removal was untimely because the amended petition for removal was filed on July 29, 1985, seventy-four days after service of process and

substantially after the thirty day limitation set forth in 28 U.S.C. § 1446(b). In *Courtney v. Benedetto*, 627 F.Supp. 523 (M.D.La. 1986), this court held that after the thirty day period for removal had lapsed, the only amendments which should be permitted are those to remedy defective allegations of jurisdiction pursuant to 28 U.S.C. § 1653. The amendment in this case did not correct a defective allegation of jurisdiction, but asserted an entirely new basis for removal. The untimely filing of a petition for removal is a defect causing "improvident" removal under 28 U.S.C. § 1447(c). *Royal v. State Farm Fire & Casualty Co.*, 685 F.2d 124 (5th Cir.1982); *Courtney*, 627 F.Supp. at 527. Thus, this case must be remanded to the state court since it was not timely removed to this court.

Therefore:

IT IS ORDERED that the motion of plaintiffs to remand be and it is hereby GRANTED.

Judgment shall be entered remanding this case to the Sixteenth Judicial District Court for the Parish of St. Mary, State of Louisiana.