**Albert J. MAYERS, III**

v.

**Levi E. CONNELL, et al.**

**Brenda MAYERS**

v.

**Levi E. CONNELL, et al.**

**Civ. A. Nos. 86–162–B, 86–163–B.**

United States District Court,
M.D. Louisiana.

Dec. 31, 1986.

Donald S. Wingerter, Maxwell G. Kees, Baton Rouge, La., for plaintiffs.

Felix R. Weill, Watson, Blanche, Wilson & Posner, William F. Janney, Lane, Fertit-

ta, Lane & Tullos, Baton Rouge, La., for defendants.

POLOZOLA, District Judge.

The sole issue before this court is whether this suit was properly removed from the state court.

This litigation arises out of a traffic accident which occurred on February 23, 1985 when a vehicle that was being operated by Levi E. Connell struck the vehicle which Albert Mayers, III was operating and his wife Brenda was riding as a passenger. Both of the Mayers filed separate suits in the 21st Judicial District Court for the Parish of Livingston on February 20, 1986. In addition to Connell, the plaintiffs named as defendants State Farm Insurance Company, the insurer of Connell, and American Hardware Insurance Company, the uninsured carrier for the plaintiffs. American Hardware was served in both suits on February 24, 1986 and timely filed a petition for removal on March 20, 1986, since Connell was at the time of the accident and time of removal a resident of the state of Florida. These suits were listed on the court's docket as CA 86–162 (Albert J. Meyers, III's suit) and CA 86–163 (Brenda Mayers' suit). State Farm answered CA 86–162 on March 27, 1986.

On May 8, 1986 a summons was issued to Levi Connell in CA 86–163, but not CA 86–162. Connell received this summons on May 13, 1986. On July 30, 1986, the plaintiff filed the motion to remand in CA 86–163 and oral arguments were held in that case. At that hearing, the court ordered the two cases consolidated and instructed the plaintiff in CA 86–162 to file a motion to remand within twenty days if such a motion was desired. This motion to remand was timely filed. After oral arguments were held in CA 86–163, Brenda Meyers settled her case according to information set forth in the briefs. However, no formal motion to dismiss has been filed in the record.

The plaintiff asserts that not all of the defendants consented to the removal of this action to federal court as required by law. *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272 (7th Cir.1982); *Courtney v. Benedetto*, 627 F.Supp. 523, 525 (M.D.La.1986). Plaintiff argues that Connell did not consent to the removal and the reasons why his consent was absent are not included in the petition for removal. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3rd Cir.1985); *Courtney*, supra, 627 F.Supp. at 526.

A party who has been named a defendant but who has not been served with process need not join in the petition for removal. *Lewis*, supra, 757 F.2d at 68; *Courtney*, supra, 627 F.Supp. at 526. However,

> [a] necessary corollary to 1446(a) which requires the petition for removal contain "a short and plain statement of the facts which entitle him or them to removal" is that the removal petition must set forth the reason why a defendant named in such action has not joined the petition for removal. *Lewis v. Rego Co.*, 757 F.2d 66 (3rd Cir.1985); *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co. & New Amsterdam Casualty Co.*, 395 F.2d 546 (7th Cir.1968) [.]

*Courtney*, supra at 526. Such a petition filed without a short statement of the facts surrounding the non-joinder of a defendant in the removal petition makes the petition defective. *Courtney*, supra.

In the case before the court, American Hardware stated the following in paragraph 7 of its removal petition: "All counsel of defendants, who are known to petitioner, have consented to the removal of this suit to Federal Court." No statement of facts is contained in the petition. This oversight causes the petition to be procedurally defective.

While it is true that a defendant should be allowed to amend his petition freely during the thirty day period in which a removal petition may be filed, once that time has expired, any amendment must be done pursuant to 28 U.S.C. § 1653. This court has ruled that an amendment to the petition for removal after the thirty day

period should not be allowed if such amendment is to add a co-defendant to the petition. Such an amendment is a substantial one. *Courtney*, supra, 627 F.Supp. at 527.

Since this court finds that the petition for removal is defective and no amendment can be made at this time to add a co-defendant to the removal petition, the defendants have lost their right to remove this suit to this court unless plaintiff has waived the defect. It is irrelevant to this inquiry when service was made on Connell. American Hardware and State Farm lost their right to remove when the thirty day period for removal passed as to them and no procedurally proper petition was filed with this court. Had a proper petition been filed, Connell would have retained the right to remand pursuant to 28 U.S.C. § 1448. Connell cannot now join the petition of the other defendants since it is too late to amend the removal petition. Furthermore, Connell cannot file a new petition for removal since the other two defendants are precluded from joining because the thirty day removal period has run as to both these defendants,

█ Since no action that may be considered a waiver has been taken in Albert Meyers' suit, it must be remanded. The fact that plaintiff's wife caused a federal summons to issue in order to perfect service on Connell in her case is immaterial. Defendants argue that this is an affirmative act on plaintiff's part which acts as a waiver of the procedural defect in the removal petition. *Roberts v. Vulcan Materials Co.*, 558 F.Supp. 108 (M.D.La.1983).

Waiver must be "affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand[.]" *Maybruck v. Haim*, 290 F.Supp. 721, 723 (S.D.N.Y. 1968) as quoted in *Intercoastal Refining Co. v. Jalil*, 487 F.Supp. 606, 608 (S.D.Tex. 1980). In considering what conduct constitutes a waiver the following factors have been held to apply:

(1) The nature and gravity of the defect in removal;

(2) Principles of comity and judicial economy;

(3) Relative prejudice to the parties, including deference to the plaintiff's choice of forum; and

(4) Actions taken by the party seeking remand that imply it has affirmatively sought the federal court's intervention.

*Midwestern Distribution, Inc. v. Paris Motor Freight Lines, Inc.* 563 F.Supp. 489, 493 (E.D.Ark.1983).

This court has already held that the defect in the removal petition is a substantial one. It is clear that the plaintiff's choice of forum is state court. Therefore, only the fourth factor set forth above could be used to find a waiver of the plaintiffs' right to remand, since comity also requires this court to respect the jurisdiction of the state court.

In these cases, the plaintiffs were under a duty to serve the final defendant. Rule 4 of the Rules of Civil Procedure clearly states that service shall be made "forthwith". Plaintiffs faced dismissal of the suit if service was not made. Rule 4(g). Once the petition for removal was filed, state process would not have been proper. Under 28 U.S.C. § 1448, process of the federal court is used after removal. By using the process of this court, the plaintiffs were only doing what was necessary to avoid dismissal. The action of the plaintiffs in one of the suits cannot be said to be an affirmative act of seeking the intervention of the federal court. Therefore, no waiver is found. There being no waiver, and the removal petition being improper, these suits must be remanded to state court.

Therefore:

IT IS ORDERED that the motion of the plaintiffs to remand should be and is hereby GRANTED.

IT IS FURTHER ORDERED that CA 86–162–and CA 86–163 be and each is hereby remanded to the 21st Judicial District for the Parish of Livingston.

Judgment shall be entered accordingly.