**Richard MARSHALL, Plaintiff,**

v.

**SKYDIVE AMERICA SOUTH, Ronald L. Nowak, Lori Nowak, Flight Concepts International, and FXC Corporation, Defendant.**

No. 1:95–CV–777.

United States District Court, E.D. Texas, Beaumont Division.

Oct. 6, 1995.

Timothy Wilson Ferguson, Ferguson Firm, Beaumont, TX, for plaintiff.

Fred Morelli, Morelli Cook & Peterson, Aurora, IL, for Skydive America South, Ronald L. Nowak, Lori Nowak.

Gerald Leigh Bracht, Robert Benjamin Dubose, Mayor Day Caldwell & Keeton, Houston, TX, for FXC Corporation.

Alex J. Simmons, Jr., Schreeder Wheeler & Flint, Atlanta, GA, for Flight Concepts International.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

Came on to be considered the Plaintiff's Motion to Remand. After considering the motion the court is of the opinion that it should be GRANTED.

## BACKGROUND

On April 12, 1995, the Plaintiff, Richard Marshall, filed suit in the 172nd Judicial District Court of Jefferson County, Texas, to recover damages for injuries resulting from a skydiving accident. Defendants FXC Corporation ("FXC"), Flight Concepts International, Ronald L. Nowak, and Lori Nowak were served with notice of the suit on July 31, 1995. Skydive America was served on August 1, 1995.

On August 28, 1995, Defendant FXC filed Defendants' Notice of Removal with this court. FXC seeks removal on the basis of diversity of citizenship. FXC's Notice of Removal indicates that "[a]ll named Defendants consent to this removal." Defendants' Notice of Removal at 2. On September 13, 1995, Plaintiff filed a timely Motion to Remand alleging that failure of the other defendants to join in removal is improper. The Notice of Removal is signed only by FXC and there are no attachments indicating joinder by the other Defendants. FXC responds by asserting that (1) the Notice of Removal stated that "[a]ll named Defendants consent to this removal," (2) the Notice was entitled "Defendants' Notice of Removal" rather than "FXC's Notice of Removal," and (3) that FXC had the actual consent of all named defendants to remove the case. Defendant FXC Corporation's Response to Plaintiff's Motion to Remand at 1–2.

## ANALYSIS

The law is clear that under 28 U.S.C. § 1446(b) a petition for removal must be filed within thirty days after service of summons upon the defendant. Where multiple defendants are involved, the thirty day period begins to run as soon as the first defendant is served so long as the case is then removable. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262–63 (5th Cir.1988). As a general rule, all served defendants must join in the petition for removal no later than thirty days from the day on which the first defendant was served. *Getty Oil Corp.*, 841 F.2d at 1263; This rule is subject to three well-recognized exceptions. All defendants need not join in the petition for removal within the thirty day time period if: (1) the non-joining defendant has not been served with service of process at the time the removal petition is filed;[1] (2) the non-joining defendant is merely a nominal or formal party;[2] or (3) the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c).[3] If none of the three exceptions apply, all named defendants must join in the notice of removal or consent to such action before the thirty day period has elapsed. Failure to do so is a waivable, non-jurisdictional defect.[4] *Intercoastal Refining Co., Inc. v. Jalil*, 487 F.Supp. 606, 608 (S.D.Tex.1980) (citing *Robertson v. Ball*, 534 F.2d 63 (5th Cir.1976)). Well-established public policy dictates that when there is uncertainty as to the right of removal in the first instance, such ambiguity is construed against removal.[5] *See Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979); *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 663 (7th Cir.1976); *Luckett v. Harris Hospital–Fort Worth*, 764 F.Supp. 436, 440 (N.D.Tex. 1991).

**1.** *See Pullman Co. v. Jenkins*, 305 U.S. 534, 540–41, 59 S.Ct. 347, 350–51, 83 L.Ed. 334 (1939); *Albonetti v. GAF Corp.—Chemical Group*, 520 F.Supp. 825 (S.D.Tex.1981); *see also Friedrich v. Whittaker Corp.*, 467 F.Supp. 1012 (S.D.Tex. 1979).

**2.** *See Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir.1970); *Wallis v. Southern Silo Co., Inc.*, 369 F.Supp. 92, 96–97 (N.D.Miss. 1973).

**3.** *See Albonetti v. GAF Corp.—Chemical Group*, 520 F.Supp. 825 (S.D.Tex.1981); *Courtney v. Benedetto*, 627 F.Supp. 523, 526 (M.D.La.1986).

**4.** Defendants have made no contentions that Plaintiff waived the right to object to the removal action pursuant to 28 U.S.C. § 1447(c). Furthermore, based upon the facts before this Court, the Court finds that plaintiff did not delay, but timely filed a motion to remand within the time requirements of § 1447(c).

**5.** Two reasons explain this rule. First, the Plaintiff's choice of forum should generally be given deference. Second, when there is a debatable question of whether a case has been properly removed, it is an imprudent use of judicial resources for a District Court to proceed with the possibility that any verdict may be upset after a full trial on the merits of the claim.

The question raised in the present case is whether unsupported allegations in the Defendants' Notice of Removal indicating the consent of the several co-defendants' to the removal is sufficient to properly join all defendants in the removal action. Although consent to removal is all that is required under 28 U.S.C. § 1446, a defendant himself must consent to the removal. *Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d at 1262, n. 11. This does not require that each defendant sign the original notice of removal; however, there must be some **timely** "written indication" of each served defendant, or from some representative purporting to have authority to formally act on the defendant's behalf in this respect, showing that the defendant actually consented to such removal. *Id.* The Fifth Circuit discussed the importance of this requirement, "Otherwise, there would be nothing in the record to 'bind' the allegedly consenting defendant." *Id.* Further, where all defendants do not sign the removal petition, the petition must set forth a reason for not including all defendants. *Moody v. Commercial Ins. Co. of Newark, New Jersey,* 753 F.Supp. 198, 200–01 (N.D.Tex.1990) (citing *Courtney v. Benedetto,* 627 F.Supp. 523, 526 (M.D.La.1986)).

In this case, FXC's claim that all Defendants consented to the removal is not enough to prove joinder by the other Defendants. It was not until September 21, 1995, when FXC filed its Response to Plaintiff's Motion to Remand, that there was anything other than the contention FXC made in its original petition for removal that the other defendants had given consent. This is some 21 days too late. The rules and the case law are perfectly clear on this point. *See Samuel*

*v. Langham,* 780 F.Supp. 424, 427–8 (N.D.Tex.1992) (holding that assertions of consent of non-joined defendants contained in a notice of removal does not constitute proper joinder for removal purposes); *Luckett v. Harris Hospital–Fort Worth,* 764 F.Supp. 436, 440 (N.D.Tex.1991) (same); *Moody v. Commercial Ins. Co. of Newark, New Jersey,* 753 F.Supp. 198 (N.D.Tex.1990) (same). In *Luckett,* the court found that even a "Notice of Non–Opposition to Removal" attached to the Notice of Removal was insufficient to prove joinder. *Luckett v. Harris Hospital–Fort Worth,* 764 F.Supp. at 442. The non-opposition notice in that case specifically indicated that all defendants had been contacted prior to removal and that " '[t]hose defendants do not oppose the removal by the Red Cross.' " *Id.* In the case at bar, the assertions in the Notice are too little and the evidence of joinder provided on September 21, 1995 is too late.[6]

Further, FXC contends that even if an error in removal was made, such error can be cured by filing an amended notice. This is not so. A defendant is free to amend a notice of removal within the thirty day period as set forth in § 1446(b). *Mayers v. Connell,* 651 F.Supp. 273, 274 (M.D.La.1986); *Courtney v. Benedetto,* 627 F.Supp. at 527. Once the thirty day period has expired, any amendments to the notice of removal must be made pursuant to 28 U.S.C. § 1653 [7]. *Woodlands II v. City Savings and Loan Ass'n of San Angelo,* 703 F.Supp. 604, 607 (N.D.Tex. 1989); *Mayers,* 651 F.Supp. at 274; *Courtney,* 627 F.Supp. at 527. The right of a defendant to amend the notice of removal under § 1653 is a limited one because amendments are permitted solely to cure "defective allegations of jurisdiction" and cannot be used to amend "a substantial de-

---

**6.** FXC attempts to distinguish *Getty Oil* by saying that there was no proof that all of the Getty Oil defendants actually consented to removal before the deadline whereas evidence of actual consent exists in the present case. However, the defendants in that case alleged in their petition that NL (the unjoined defendant) had consented to removal. The court appeared to ignore the fact that NL eventually joined the removal indicating a reluctance to examine untimely evidence of consent.

Furthermore, after such cases as *Luckett,* FXC merely makes a distinction without a difference.

The Fifth Circuit has indicated a desire for "some timely filed written indication from each served defendant ... that it has actually consented to [removal]." *Getty Oil,* 841 F.2d at 1262 n. 11. If an attachment verifying the assertions set forth in the Notice is not enough to satisfy the requirement, then the assertions standing alone in the Notice are certainly inadequate.

**7.** Sec. 1653 of Title 28 states as follows: Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.

fect in removal proceedings." *Courtney,* 627 F.Supp. at 527, (citing *Mason v. Int'l Business Machines & RTKL,* 543 F.Supp. 444, 446 (M.D.N.C.1982)). Defendants argue that *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.,* 608 F.2d 145 (5th Cir.1979), *cert. denied,* 449 U.S. 830, 101 S.Ct. 97, 66 L.Ed.2d 35 (1980) allows amendment to notices of removal such as the one sought by FXC in this case. However, in *McDuffie,* amendments were allowed to cure defective allegations of jurisdiction, not defects in the removal procedure. As previously stated, defendants' failure to join all defendants in the notice of removal within the thirty day period proscribed by 28 U.S.C. § 1446(b) is a non-jurisdictional defect. *Intercoastal Refining Co., Inc. v. Jalil,* 487 F.Supp. 606, 608 (S.D.Tex.1980). Thus, this Court finds where the notice of removal is procedurally defective, 28 U.S.C. § 1653 cannot be used as a means to cure what is otherwise a substantial defect in the removal proceedings.

It is therefore ORDERED that Plaintiff's Motion to Remand is hereby GRANTED.