Gayden G. WHITE, Plaintiff,

v.

ENRON CORP. MERGER SEVERANCE
PLAN, Defendant.

Civ. A. No. 3–88–0670–H.

United States District Court,
N.D. Texas,
Dallas Division.

May 17, 1988.

E. Eldridge Goins, Jr., Laurence L. Duncan, Goins Underkofler Crawford & Langdon, Dallas, Tex., for plaintiff.

C. Robert Vote, Enron Corp. Litigation Unit, Houston, Tex., David Musslewhite, Akin Gump Strauss Hauer & Feld, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

SANDERS, Acting Chief Judge.

Before the Court are Plaintiff's Motion to Remand, filed April 20, 1988; Defendant's Opposition thereto, filed May 9, 1988; and Defendant's Motion for Leave to Amend Petition for Removal, filed May 9, 1988.

On March 14, 1988, Plaintiff filed a cause of action in state court for the denial of benefits under Section 1132(a)(1)(B) of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* On April 4, 1988, Defendant removed the case to federal court pursuant to 28 U.S.C. § 1441(b).

Plaintiff maintains in his motion that this matter should be remanded because (1) concurrent jurisdiction exists with the state court, and there is no triggering mechanism for removal, no requirement for removal or automatic right of removal granted to a defendant under a Section 1132(a)(1)(B) action for the recovery of ERISA benefits once a plaintiff has brought the action in state court; and (2) Defendant's Petition for Removal is defective as it is not verified.

583

An action brought under Section 1132(a)(1)(B) of ERISA to recover benefits due under the terms of a benefits plan or to enforce a plaintiff's rights under the terms of the plan is one in which state courts and federal courts have concurrent jurisdiction. *See* 28 U.S.C. § 1132(e)(1). Therefore, both the state court in which Plaintiff brought his suit and this Court have original jurisdiction to hear this lawsuit. Under 28 U.S.C. § 1441(a), a suit may be removed in any case in which a federal district court has original jurisdiction "[e]xcept as otherwise expressly provided by Act of Congress ..."

Plaintiff argues, relying on *Lederman v. Pacific Mutual Life Insurance Co.*, 494 F.Supp. 1020 (C.D.Cal.1980), that by granting "concurrent" jurisdiction over Section 1132(a)(1)(B) actions, Congress "expressly" prohibited removal of actions originally filed in state court. The Court disagrees.

The Court does not consider Congress' act of allowing concurrent jurisdiction under these circumstances to speak expressly to the removal issue. *See Mercy Hospital Association v. Miccio*, 604 F.Supp. 1177, 1180 (E.D.N.Y.1985); *McConnell v. Marine Engineers Beneficial Association*, 526 F.Supp. 770, 771–72 (N.D.Cal.1981). Had Congress intended to prohibit removal under Section 1132(a)(1)(B), it would have said so.[1] Nothing within the ERISA statute bestows upon Plaintiff the right to keep his suit in state court just because he has been entitled to choose a state court as his forum. The very purpose and effect of removal statutes are to limit a plaintiff's discretion in choosing where to bring his suit.

Plaintiff also contends that this action should be remanded because Defendant's Petition for Removal was not verified as required by 28 U.S.C. § 1446(a). Although this statute mandates that a petition be verified, it does not specify what sort of verification is required. *Jones v.*

*Newton*, 775 F.2d 1316, 1317 (5th Cir.1985). Thus, verification on information and belief by the defendant's attorney has been found to be sufficient. *Id.* at 1317, citing *Border City Savings & Loan Association v. Kennecorp Mortgage & Equities, Inc.*, 523 F.Supp. 190, 192 (S.D.Ohio 1981). Furthermore, in light of the foregoing discussion establishing that this Court has original jurisdiction over ERISA actions and because an ERISA action is alleged on the face of Plaintiff's own complaint, the fact basis supporting the removal is clear (*see Jones*, 775 F.2d at 1318), and Defendant's removal petition should not be remanded on a formality under these circumstances. The Court considers that Defendant should be allowed to amend his petiton to include a formal verification under oath. *See also Fed.R.Civ.P.* 15(a) (leave to amend pleadings should be freely given when justice so requires).

Accordingly, Plaintiff's Motion to Remand is DENIED, Defendant's Motion for Leave to Amend Petition for Removal is GRANTED, and the Clerk is DIRECTED to file Defendant's Amended Petition for Removal.

SO ORDERED.

---

1. In fact, the legislative history of ERISA and its grant of concurrent jurisdiction in certain instances reveals no express intention on the part of Congress to defeat a defendant's ability to remove a case to federal court. *See McConnell*, 526 F.Supp. at 772 (for legislative history and instances in which Congress *has* expressly prohibited removal to federal court).