### Lois MOODY

v.

### COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, Commercial Life Insurance Company, and Continental Insurance Company.

Civ. A. No. 4–90–557–E.

United States District Court,
N.D. Texas,
Fort Worth Division.

Dec. 6, 1990.

G. Laird Morgan, Dallas, Tex., for plaintiff.

Leo John Jordan, Sr., Thompson Coe Cousins & Irons, Jack M. Grimm, Dallas, Tex., for defendants.

### ORDER

MAHON, District Judge.

Before the Court is plaintiff's motion to remand, defendants' response thereto, and defendants' motion for leave to file amended notice of removal. After thorough consideration of the briefs, issues, and applicable law, the Court makes the following determination.

On June 21, 1990, the plaintiff brought suit in the 153rd Judicial District Court of Tarrant County, Texas, against Commercial Insurance Company of Newark, New Jersey, Commercial Life Insurance Company, and Continental Insurance Company to recover damages allegedly caused by the defendants' failure to pay insurance benefits to the plaintiff in accordance with certain policy provisions. Thereafter, two of the defendants in the state court action, Commercial Insurance Company of Newark, New Jersey, and Commercial Life Insurance Company, timely filed a notice of removal in this Court on July 27, 1990, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 alleging federal diversity jurisdiction.[1]

Plaintiff contends that this action was improperly removed because one of the named defendants, Continental Insurance Company, failed to join in the removal petition within thirty days of service of the first defendant as required by 28 U.S.C. 1446(b). Plaintiff also contends that the removing defendants failed to explain why Continental Insurance Company did not join in the removal. Defendants assert that Continental Insurance Company, by and through its attorney of record, Mr. Jack Grimm, consented to the removal and that the Court was advised of this fact by means of the removing defendants' notice of removal wherein they allege:

> 1(g) Defendant Continental Insurance Company consents to removal of this action by defendants Commercial Insurance Company of Newark, N.J. and Commercial Life Insurance Company.[2]

The law is clear that under 28 U.S.C. 1446(b) that a petition for removal must be filed within thirty days after service of summons upon the defendant. Where multiple defendants are involved, the thirty day period begins to run as soon as the first defendant is served so long as the case is then removable. *Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254, 1262–63 (5th Cir.1988). As a general rule, all served defendants must join in the petition for removal no later than thirty days from the day on which the first defendant was served. *Getty Oil Corp.,* 841 F.2d at 1263; *Tri–Cities News-*

---

1. The record reflects that all three defendants were served with citation in the state court action on July 9, 1990. A notice of removal was filed some thirteen days later on July 27, 1990.

2. Defendants' notice of removal ¶ 1(g).

papers, Inc. v. Tri–Cities Pressmen and Assistants' Local 349, 427 F.2d 325, 327 (5th Cir.1970). This rule is subject to three well-recognized exceptions. All defendants need not join in the petition for removal within the thirty day time period if: (1) the non-joining defendant has not been served with service of process at the time the removal petition is filed;[3] (2) the non-joining defendant is merely a nominal or formal party;[4] or (3) the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). See Albonetti v. GAF Corp.—Chemical Group, 520 F.Supp. 825 (S.D.Tex.1981); Courtney v. Benedetto, 627 F.Supp. 523, 526 (M.D.La.1986). If none of the three exceptions apply, all named defendants must join in the notice of removal or consent to such action before the thirty day period has elapsed. Failure to do so is a waivable, non-jurisdictional defect.[5] Intercoastal Refining Co., Inc. v. Jalil, 487 F.Supp. 606, 608 (S.D.Tex.1980), citing Robertson v. Ball, 534 F.2d 63 (5th Cir.1976).

The question raised in the present case is whether unsupported allegations in the defendants' notice of removal relating to a co-defendant's assent to the removal is sufficient to properly join all defendants in the removal action. In a case involving similar issues, the Fifth Circuit Court of Appeals in Getty Oil Corp. reasoned that consent to removal "does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and have authority to do so, that it has actually consented to such action." Getty Oil Corp., 841 F.2d at p. 1262 n. 11. "Otherwise, there would be nothing in the record to 'bind' the allegedly consenting defendant." Id. Further, where all defendants do not sign the removal petition, the petition must set forth a reason for not including all defendants. Courtney v. Benedetto, 627 F.Supp. at 526.

In the present case, nothing in the record, other than the removing defendants' unsupported statement in the original removal petition, indicates that Continental Insurance Company actually consented to the removal when the original petition was filed.[6] Defendants' removal petition merely alleges that Continental Insurance Company consents to the removal of this action by the defendants and sets forth no reason for Continental Insurance Company's failure to join in the removal action. Based on the pleadings before the Court, the Court finds that there was no adequate allegation or showing of Continental Insurance Company's actual joinder in or consent to the original removal petition nor did the petition contain any allegations concerning why Continental Insurance Company failed to join in the removal.

Defendants have responded to this deficiency by filing on September 13, 1990, a motion for leave to file amended notice of removal wherein the defendants attempt to cure the defect in the original removal notice. Plaintiff strongly objects to such amendment on grounds that the defendants seek to cure a non-jurisdictional defect af-

---

3. See Pullman Co. v. Jenkins, 305 U.S. 534, 540–41, 59 S.Ct. 347, 350–51, 83 L.Ed. 334 (1939); Albonetti v. GAF Corp.—Chemical Group, 520 F.Supp. 825 (S.D.Tex.1981); see also Friedrich v. Whittaker Corp., 467 F.Supp. 1012 (S.D.Tex. 1979).

4. See Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349, 427 F.2d 325, 327 (5th Cir.1970); Wallis v. Southern Silo Co., Inc., 369 F.Supp 92, 96–97 (N.D.Miss. 1973).

5. It is appropriate to mention here that defendants have made no contentions that plaintiff waived the right to object to the removal action pursuant to 28 U.S.C. § 1447(c). Furthermore, based upon the facts before this Court, the Court finds that plaintiff did not delay, but timely filed a motion to remand within the time requirements of § 1447(c).

6. Defendants argue that if Continental Insurance Co.'s consent to the removal was not in fact given, counsel signing the notice of removal could not have represented such to the Court under Rule 11 of the Federal Rules of Civil Procedure. While this may very well subject the signer of the pleadings to sanctions for failure to adequately investigate the factual allegations contained therein, this rule does little in the way of binding the allegedly consenting co-defendant to the removal action.

ter the thirty day period has lapsed. Therefore, the question before the Court is whether the defendants' amended notice of removal filed considerably after the thirty day limitation set forth in 28 U.S.C. § 1446(b) can cure the defective original notice of removal. The Court finds that the amended notice of removal was not timely filed and, therefore, cannot cure the original notice of removal which was procedurally defective.

■■■ A defendant is free to amend a notice of removal within the thirty day period as set forth in § 1446(b). *Mayers v. Connell*, 651 F.Supp. 273, 274 (M.D.La. 1986); *Courtney v. Benedetto*, 627 F.Supp. at 527. Once the thirty day period has expired, any amendments to the notice of removal must be made pursuant to 28 U.S.C. § 1653.[7] *Woodlands II v. City Savings and Loan Ass'n of San Angelo*, 703 F.Supp. 604, 607 (N.D.Tex.1989); *Mayers*, 651 F.Supp. at 274; *Courtney*, 627 F.Supp. at 527. The right of a defendant to amend the notice of removal under § 1653 is a limited one because amendments are permitted solely to cure "defective allegations of *jurisdiction*" and cannot be used to amend "a substantial defect in removal proceedings." *Courtney*, 627 F.Supp. at 527, *citing Mason v. Internat'l Business Machines & RTKL*, 543 F.Supp. 444, 446 (M.D.N.C.1982). Defendants argue that *Firemen's Insurance Co. of Newark, New Jersey v. Robbins Coal Co., Inc.*, 288 F.2d 349 (5th Cir.1961) and *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145 (5th Cir.1979), *cert. denied*, 449 U.S. 830, 101 S.Ct. 97, 66 L.Ed.2d 35 (1980) allow amendments to notices of removal of the type sought by the defendants in this case. However, in these cases amendments were allowed to cure defective allegations of jur-

isdiction, not defects in the removal procedure. As previously stated, defendants' failure to join all defendants in the notice of removal within the thirty day period proscribed by 28 U.S.C. § 1446(b) is a non-jurisdictional defect. *Intercoastal Refining Co., Inc. v. Jalil*, 487 F.Supp. 606, 608 (S.D.Tex.1980). Thus, the Court finds where the notice of removal is procedurally defective, 28 U.S.C. § 1653 cannot be used as a means to cure what is otherwise a substantial defect in the removal proceedings.

Defendants also rely on *White v. Envron Corp. Merger Severance Plan*, 686 F.Supp. 582 (N.D.Tex.1988) and *Sicinski v. Reliance Funding Corp.*, 461 F.Supp. 649 (S.D.N.Y.1978) as support for amending their notice of removal after the thirty day period has elapsed. In *White*, however, the defect in the removal petition was the failure to verify the removal petition under oath as previously required under 28 U.S.C. § 1446(a) (1973) (amended 1988).[8] The Court found that although the removal statute did not specify what kind of verification was required, under prior case law an attorney's verification on "information and belief" was sufficient and therefore the Court permitted the amendment of the notice of removal to correct the defective verification, noting that federal question jurisdiction was clear from the face of the plaintiff's complaint. *White*, 686 F.Supp. at 583. *White* is inapposite to the present situation because in *White* the facts supporting removal based upon federal question jurisdiction were simply not in question. Moreover, the Court found that the verification requirement was substantially complied with because verification of the removal petition was based on the attorney's "information and belief." In the

---

7. Sec. 1653 of Title 28 states as follows:
   Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.

8. The verification requirement formerly contained in 28 U.S.C. § 1446(a) has since been eliminated in the 1988 amendments to the statute. Sec. 1446(a) now states as follows:
   (a) A defendant or defendants desiring to remove any civil action or criminal prosecution

from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

present diversity case, defendants failed to properly join all the defendants as specifically required by 28 U.S.C. § 1446(a). Failure to join all defendants is a substantial defect in the removal procedure. *Courtney*, 627 F.Supp. at 527. This type of defect in removal process is completely antipathetical to a case in which the defendant simply fails to comply with a mere formality in the proper verification of the petition. Therefore, based upon the foregoing discussion and the facts presented in this case, the Court finds that the holding in *White* is not persuasive.

The defendants also rely upon *Sicinski v. Reliance Funding Corp., supra.* In *Sicinski*, a New York district court allowed the defendants to amend their notice of removal to cure a defective non-joinder of defendants in the removal proceedings. While the facts of this case are similar to those present in *Sicinski, Sicinski* cites absolutely no authority for granting a defendant permission to supplement the notice of removal to cure such a defect in the original removal petition. Nor does the case mention the formal requirements for consent of co-defendants to joinder in the removal action as set forth in the Fifth Circuit case of *Getty Oil Corp., supra.* In fact, the *Sicinski* Court noted that "[n]either party has cited, nor has the Court found, any case that decides whether all defendants must actually sign the petition." *Sicinski*, 461 F.Supp. at 652. Clearly, this is not the case in our circuit in light of the holding in *Getty Oil Corp., supra.* For the reasons stated, the Court finds that defendants' reliance on *Sicinski v. Reliance Funding Corp.* is misplaced.

In conclusion, the Court finds that "while the requirement for timely filing a petition for removal is not jurisdictional, it is mandatory." *Courtney*, 627 F.Supp. at 527, *citing Mason v. Internat'l Business Machines & RTKL*, 543 F.Supp. 444, 446 (M.D. N.C.1982). The Fifth Circuit has made clear that "untimely filing of a removal petition is a defect causing 'improvident'

removal" within 28 U.S.C. § 1447(c).[9] *Royal v. State Farm Fire and Casualty Co.*, 685 F.2d 124, 127 (5th Cir.1982), *citing London v. United States Fire Ins. Co.*, 531 F.2d 257, 260 (5th Cir.1976). Because the Court finds that the defendants' notice of removal is defective by virtue of the defendants' failure to timely file a written indication from Continental Insurance Company or from some person or entity purporting to formally act on its behalf, it is therefore ORDERED that plaintiff's motion to remand the above-styled and numbered cause to the 153rd Judicial District Court of Tarrant County, Texas, shall be and is hereby GRANTED. It is further ORDERED that defendants' motion for leave to file amended notice of removal, filed after the thirty day period proscribed by 28 U.S.C. § 1446(b), is hereby DENIED. The parties shall bear their own costs.

---

9.  28 U.S.C. § 1447(c) (Supp.1990) provides, in the pertinent part, as follows:

(c) A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a).