**ENERGY CATERING SERVICES, INC.**

v.

**Horace Paul BURROW.**

**Civ. A. No. 95–3627.**

United States District Court,
E.D. Louisiana.

Dec. 18, 1995.

Michael J. Maginnis and Jose R. Cot, Maginnis and Hurley, New Orleans, Louisiana, for Plaintiff, Energy Catering Services, Inc.

Louis St. Martin and Estell E. Mahoney, St. Martin and Mahoney, Houma, Louisiana, for Defendant, Horace Paul Burrow.

## ORDER AND REASONS

MENTZ, District Judge.

Before the Court are several motions filed by the parties in this case. Defendant Burrow filed a motion to dismiss, to which Plaintiff Energy Catering Services responded by filing memoranda in opposition and a motion to remand. Defendant Burrow then filed an opposition to the motion for remand and a motion to amend notice of removal. Having considered the motions, the extensive memoranda of the parties, the record, and the law, the Court denies the motion to amend, grants the *motion to remand*, and denies as moot the motion to dismiss.

---

1. The Court notes that this presents a rather unusual situation, as it is ordinarily the party paying maintenance and cure who files the declaratory action in federal court and the injured party who seeks to remand the case to state court.

## Background

Horace Paul Burrow was employed as a "galley hand" on board the M/V OCEAN BUILDER I, and injured his back and neck when he fell down a flight of stairs approximately two years ago. Energy Catering Services eventually discontinued maintenance and cure payments to Mr. Burrow, and filed a declaratory action in Louisiana state court, seeking a judicial declaration that Energy Catering Services could further investigate Mr. Burrow's condition before authorizing additional tests or treatment, or alternatively, a judicial determination that Mr. Burrow had reached maximum medical improvement.[1] Mr. Burrow then removed the declaratory action to federal court and immediately sought to dismiss the suit based on the fact that he had filed a state court proceeding which was adequate to adjudicate all rights of the parties.[2] Energy Catering Services filed a motion to remand the declaratory action to state court, contending that because no amount in controversy existed, the case was not removable. Mr. Burrow responded by asking this Court to permit him to amend his notice of removal to additionally base jurisdiction on 28 U.S.C. § 1333.

## Law and Analysis

As a threshold matter, the Court must determine whether to allow Mr. Burrow to amend his notice of removal. The Court is mindful that removal jurisdiction must be strictly construed, *see York v. Horizon Federal Savings and Loan Assoc.*, 712 F.Supp. 85 (E.D.La.1989); *Holt v. Lockheed Support Systems, Inc.*, 835 F.Supp. 325 (W.D.La.1993), and that the removing party bears the burden of establishing federal jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160 (5th Cir.1988); *Aetna Casualty and Surety Co. v. Hillman*, 796 F.2d 770 (5th Cir.1986).

A defendant is free to amend his notice of removal within the thirty day period

---

2. The state court suit was filed in Harris County, Texas on October 31, 1995.

of 28 U.S.C. § 1446(b). *Moody v. Commercial Insurance Co.*, 753 F.Supp. 198 (N.D.Tex.1990); *Mayers v. Connell*, 651 F.Supp. 273 (M.D.La.1986). In this case, Energy Catering Services filed its declaratory action October 3, 1995, in Louisiana state court. The original removal petition was filed in this district court on November 2, 1995. The motion for leave to file an amended notice of removal was filed on November 21, 1995, which is clearly outside the thirty day period contemplated by § 1446(b). After the thirty day period has expired, any amendments to the removal notice must be made in accordance with 28 U.S.C. § 1653.[3] *Moody*, 753 F.Supp. at 201; *Mayers*, 651 F.Supp. at 274.

■ The jurisprudence interpreting § 1653 indicates that this section cannot be invoked to claim an entirely new and distinct jurisdictional basis. In *Boelens v. Redman Homes, Inc.*, 759 F.2d 504 (5th Cir.1985), the Fifth Circuit emphasized that § 1653 is limited to curing technical defects only, and accordingly denied a motion to amend notice of removal where the party sought to substitute new causes of action over which there would be jurisdiction. Similarly, the Fifth Circuit later held that § 1653 provides a method for curing defective allegations of jurisdiction, and cannot be used to create jurisdiction retroactively where it did not previously exist. *Aetna Casualty and Surety Co. v. Hillman, supra.*

■ In the instant case, defendant Burrow seeks to amend his notice of removal to assert federal question jurisdiction under 28 U.S.C. § 1333. Nowhere in his original notice of removal did Mr. Burrow set forth any facts or allegations which invoked this Court's admiralty jurisdiction. Rather, the original notice focused solely upon the Court's diversity jurisdiction.

Based upon this comparison of the notice of removals, the Court finds that the amending notice of removal clearly goes far beyond curing technical defects in the jurisdictional allegations. Rather, Mr. Burrow has stated

an entirely different jurisdictional basis, and has done so beyond the thirty day limit for removal of cases. Therefore, the Court must deny the motion to amend notice of removal.

As the Court has found above that the motion to amend notice of removal should be denied, the Court must now decide whether the original notice of removal based on diversity is sufficient for this Court to retain jurisdiction or whether the action must be remanded to state court. Clearly diversity of citizenship exists: Horace Paul Burrow is a resident of Mississippi, whereas Energy Catering Services is a Louisiana corporation. The only remaining requirement of 28 U.S.C. § 1332 is that the amount in controversy exceed $50,000, exclusive of interest and costs.

■ Energy Catering Services requests relief in its petition for declaratory judgment petition in the form of a declaration that Energy Catering Services be entitled to further investigate Mr. Burrow's medical condition before authorizing any tests or treatments, or alternatively, that Mr. Burrow has reached maximum medical improvement. Mr. Burrow maintains that the amount in controversy in the declaratory action exceeds $50,000. For jurisdictional purposes in actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation or the value of the right to be protected. *Leininger v. Leininger*, 705 F.2d 727 (5th Cir.1983); see also *Aladdin's Castle, Inc. v. City of Mesquite*, 630 F.2d 1029 (5th Cir.1980).

■ The Court of Appeals for the Fifth Circuit recently discussed the different standards of proof applied to determine if the amount in controversy exceeds $50,000. See *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir.1995). If the plaintiff alleges a sum certain that exceeds the requisite amount, that amount generally controls. *Id.*, citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). However, in cases removed from Louisiana state courts, it is not unusual for

3. 28 U.S.C. § 1653 provides:

Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.

the plaintiff to fail to specify the amount in controversy as Louisiana civil procedure only allows special damages to be specifically alleged. See La.Code Civ.Proc. art. 861. In such cases, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $50,-000. *Allen v. R & H Oil & Gas Co., supra,* citing *DeAguilar v. Boeing Co.,* 11 F.3d 55 (5th Cir.1993).

In *Allen,* the Fifth Circuit gave some guidance as to the type of proof the district court should examine. First, a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000. *Allen v. R & H Oil & Gas Co.,* 63 F.3d at 1335. If the amount is not apparent, the removing attorney may support the argument for federal jurisdiction by setting forth the facts which favor a finding of the requisite amount. *Id.;* see also *Garza v. Bettcher Inds. Inc.,* 752 F.Supp. 753 (E.D.Mich.1990). However, removal cannot be based simply on conclusory allegations. *Gaus v. Miles Inc.,* 980 F.2d 564 (9th Cir. 1992). Finally, the court must judge the jurisdictional facts as they existed at the time the case was removed. *Printworks, Inc. v. Dorn Company, Inc.,* 869 F.Supp. 436 (E.D.La.1994).

In this case, no amount in controversy was specified in the petition for declaratory judgment, so the Court must look to other facts provided by the parties to determine if Mr. Burrow has established by a preponderance that the amount exceeds $50,000. The Court notes initially that Mr. Burrow's MRI, taken in July, 1994, revealed only a possibility of disc herniation at the L4–5 level. To further support his argument, Mr. Burrow submitted various medical reports of other patients purporting to show that, following surgery for back and neck injuries, the costs may exceed $50,000. However, these reports do not provide the Court with any evidence that Mr. Burrow will actually undergo the surgery,[4] nor do they specify the type of surgical procedure provided to those patients so that the Court can determine if the services rendered are comparable to those Mr. Burrow might receive. While it seems that other clients represented by Mr. Burrow's counsel have incurred substantial expense in treating back injuries, the Court is not convinced that Mr. Burrow has met his burden of proving that he will more likely than not incur the same costs. The Court is also mindful that this court is of limited jurisdiction, and that removal statutes are to be strictly construed, *Colwart v. Kmart Corporation,* 1995 WL 608435 (E.D.La.1995), and further that any uncertainty regarding jurisdiction is to be resolved in favor of remand. *Boyer v. Snap-on Tools Corporation,* 913 F.2d 108 (3d Cir.1990). For the above reasons, the Court finds that it lacks diversity jurisdiction in this matter.

The Court, having concluded that this matter should be remanded to state court, need not address the merits of the motion to dismiss. This motion is denied as moot.

Accordingly,

**IT IS ORDERED** that Energy Catering Services, Inc.'s motion to remand is **GRANTED,** and this matter is **REMANDED** to the 32nd Judicial District for the Parish of Terrebonne, State of Louisiana.

**IT IS FURTHER ORDERED** that Horace Paul Burrow's motion to amend notice of removal is **DENIED;** and Horace Paul Burrow's motion to dismiss is **DENIED AS MOOT.**

---

4. The only reference to possible surgery in Mr. Burrow's case is made by his physician, Dr. Stuart Phillips, wherein he stated in a letter to Mr. Frank Spagnoletti:

The young man says that his pain is bad enough that he wants it fixed, and I think we should give it a try ... Let's see what the imaging shows before we make up our minds.