Emma **STEWARD, Individually and as Natural Tutrix for Tyran Steward, Darice Steward, & D'Dondra Steward**

v.

**Joseph GARRETT, et al.**

**Civil Action No. 96–459.**

United States District Court, E.D. Louisiana.

Aug. 9, 1996.

H. Edward Sherman, Law Offices of H. Edward Sherman, New Orleans, LA, for Emma Steward.

Richard S. Vale, Christopher Marc Landry, Blue Williams, L.L.P., Metairie, LA, Jeffery Wade McDonald, Law Office of Jeffery McDonald & Assoc., New Orleans, LA, for Joseph Garrett, Boh Brothers Construction Company, Inc. and National Union Fire Ins. Co. of Pittsburgh.

Jon Daniel Picou, Jude Harvey Trahant, Jr., Larzelere & Picou, L.L.P., Metairie, LA, for Certain Underwriters at Lloyds of London.

James K. Carroll, James Denman Bercaw, Gelpi, Sullivan, Carroll & Gibbens, P.L.C., New Orleans, LA, for Groupe Des Assurances Nationales–N–100184, Compagnie D'Assurances Maritimes Aeriennes et Terrestres.

## ORDER AND REASONS

FALLON, District Judge.

Before the Court is the plaintiffs' motion to remand the above captioned matter to the Civil District Court for the Parish of Orleans, State of Louisiana. For the following reasons the plaintiffs' motion to remand is GRANTED.

## BACKGROUND

The instant litigation arises out of a rear-end collision between the plaintiff and an employee of Defendant Boh Brothers Construction Co., Inc. (Boh Brothers). The action is one for personal injuries and was originally filed in the Civil District Court for the Parish of Orleans, State of Louisiana, in September 1991. From 1991 to 1994, the case proceeded in state court. The plaintiffs were granted summary judgment on the issue of liability in January 1994, and subsequently sought to sue the tortfeasors' insurers under the Louisiana Direct Action Statute. *See* La.Rev.Stat. Ann. § 22:655 (West 1995). To this end, on December 14, 1994, the plaintiffs amended their state court petition to specifically name as defendants Certain Underwriters at Lloyd's of London Subscribing to Cover Note IO–30558, which the plaintiffs believed to be the policy under which excess insurance coverage was provided to defendant Boh Brothers. This second supplemental and amended petition specifically named the policy being sued upon by number and listed the entities subscribing to Cover Note IO–30558, two of which were Groupe des Assurances Nationales (GAN) and Compag-

nie des Assurances Maritimes, Aeriennes et Terrestres (CAMAT).

The plaintiffs effected service on the Underwriters named in the second supplemental and amended petition pursuant to the Louisiana Long–Arm Statute by sending a copy of this petition and citation via certified mail to Mendes & Mount in New York, New York. *See* La.Rev.Stat.Ann. § 13:3201 *et seq.* (West 1991). Mendes & Mount were listed under provision 7 of Cover Note IO–30558 as the proper party to receive service of process for suit on this cover note.[1] The receipt for the mailing of this petition shows that it was received and accepted by Mendes & Mount on January 3, 1995. *See* Plaintiffs' Exhibit # 2. In April 1995, the plaintiffs filed an amended second supplemental and amended petition, which plaintiffs likewise sent to Mendes & Mount pursuant to the above procedure. A return receipt shows that this petition was received on December 18, 1995.[2]

Defendants GAN and CAMAT assert that service in both of the above instances was not proper and that they did not receive notice of this suit in either case. GAN contends that, by chance, its broker Groupe Chegary de Chalus received a copy of the amended second supplemental and amended petition by facsimile from Soreiro & Company, Inc. on December 20, 1995 (the briefs do not explain how Soreiro obtained a copy of the petition). Therefore, GAN alleges that it did not have notice of the suit until December 20, 1995. On February 7, 1996, defendants GAN and CAMAT removed this matter to federal court pursuant to 28 U.S.C. § 1441(d) alleging that they were "an agency or instrumen-

tality of a foreign state." *See* 28 U.S.C. § 1603(b). The defendants assert that this removal was timely and completed in a proper manner.[3]

The plaintiff made a timely objection to this Court's subject matter jurisdiction to hear this action by filing a motion to remand. 28 U.S.C. § 1447. As a preliminary matter, the plaintiffs assert that neither GAN or CAMAT are agencies or instrumentalities of a foreign state and thus removal was improper under 28 U.S.C. § 1441(d). Additionally, the plaintiffs contend that the defendants' removal was untimely because GAN had notice of the suit on January 3, 1995 and the notice of removal was not filed until February 7, 1996. *See* 28 U.S.C. § 1446(b). The plaintiffs argue that this 400 day period between notice and removal is a defect in the removal procedure—even considering the allowance for an enlargement of time found in § 1441(d)—necessitating remand.

### *ANALYSIS*

#### A. Status of GAN

■ Initially, the plaintiffs attack GAN's status as an agency or instrumentality of a foreign state capable of seeking removal under 28 U.S.C. § 1441(d).[4] The plaintiffs assert that the notice of removal sets forth no facts in support of its contention that GAN is an agency or instrumentality of a foreign state. This failure is of no moment. Section 1446(a) only requires a party to provide a "short and plain statement of the grounds for removal." The defendants have met this burden. However, it is through the instant

---

1. Cover Note Provisions, number 7 paragraph 2 reads:

   It is further agreed that service of process in such suit may be made upon Mendes and Mount, Attorneys, 3 Park Avenue, New York, New York, 10016 and that in any suit instituted against any one of them upon this contract, Underwriters will abide by the final decision of such Court or any Appellate Court in the event of an appeal.

2. During the period of time described above this litigation proceeded in state court. On July 18, 1995, the insurance defendants obtained a judgment dismissing the plaintiffs' claims under La. Rev.Stat.Ann. § 22:1220 (West 1995). The plaintiffs have appealed this decision which is now pending before the Louisiana Fourth Circuit

Court of Appeals (the matter has been stayed pending this Court's ruling on jurisdiction).

3. The 30 day requirement found in 28 U.S.C. § 1446(b) does not strictly apply to foreign states as defined in 28 U.S.C. § 1603. 28 U.S.C. § 1441(d) governing removal of a civil action brought in state court by a foreign state says, "the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown." This issue will be discussed *infra*.

4. The defendants have admitted that CAMAT is not an agency or instrumentality of a foreign state as defined by 28 U.S.C. § 1603. Therefore, this Court's inquiry will be limited to the status of GAN.

motion to remand that the plaintiffs have placed an additional burden on the defendant to show that federal jurisdiction is proper in this case. *Energy Catering Services, Inc. v. Burrow*, 911 F.Supp. 221, 222 (E.D.La.1995).

As stated above, a foreign state is allowed to remove a civil action brought in state court to a United States District Court under 28 U.S.C. § 1441(d). This provision of the removal statute confers jurisdiction on federal courts over actions involving foreign states but this jurisdiction is merely concurrent and not exclusive.[5] *See Martropico Compania Naviera S.A. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 428 F.Supp. 1035 (S.D.N.Y.1977). By creating this exception for foreign states, Congress has expressed a preference for allowing foreign sovereigns the choice of litigating in a federal forum where there is a greater chance of uniformity of action by the courts. *Leith v. Lufthansa German Airlines*, 793 F.Supp. 808, 810 (N.D.Ill.1992); *See also Refco, Inc. v. Galadari*, 755 F.Supp. 79, 84 (S.D.N.Y.1991) (a foreign state may remove a case to federal court even if there are multiple defendants who object to removal).

To bring § 1441(d) into play a party must be a foreign state as defined by 28 U.S.C. § 1603. GAN alleges that it is an agency or instrumentality of a foreign state as defined by § 1603(b). In order to be considered such an agency an entity must prove three factors: 1) it is a separate legal person, (2) it is an organ of a foreign state or political subdivision or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision, and (3) it is neither a citizen of a State of the United States as defined in section 1332(c) and (d) of Title 28, nor created under the laws of any third country. 28 U.S.C. § 1603(b). GAN has provided evidence showing that it is a separate legal corporate entity whose majority stock holder, owning over eighty percent of the company, is the

Republic of France. *See* Defendant's Exhibit A. Additionally, GAN is not a citizen of the United States or any third country. Moreover, GAN is organized under the laws of France with its principal place of business in Paris.

Clearly, GAN is a foreign state capable of removing a state court action under 28 U.S.C. § 1441(d). The pertinent inquiry now becomes whether the removal of this case from state court was executed in a timely manner.

**B. Was the removal timely?**

In determining whether removal was timely in this case, the Court must first determine when GAN received a copy of the initial pleading setting forth a claim against it. The Court notes at this time that the plaintiff need not have completed proper service under law for the time period to have commenced to run. The defendant needs to simply have received notice "through service or otherwise" of the pleadings in this matter. *York v. Horizon Federal Savings and Loan Association*, 712 F.Supp. 85, 89–90 (E.D.La. 1989) (describing the "Receipt Rule").

As described above, on December 14, 1995 the plaintiffs sought to serve GAN through the Louisiana Long–Arm Statute by sending a copy of the second amended and supplemental petition to Mendes & Mount by certified mail. The second amended and supplemental petition was mailed to Mendes & Mount because the general provisions to Cover Note IO–30558 listed Mendes & Mount as the proper party in which to serve the Underwriters on this cover note. A return receipt shows that Mendes & Mount received the petition and citation on January 3, 1995.

GAN contends that, though their agent for service of process on this cover note received notice of this suit in January 1995 it was never notified of the pending action. Their argument rests on the nature

---

**5.** It is interesting to note at this time that 28 U.S.C. § 1441(d) has the effect of creating a fourth area of subject matter jurisdiction for this Court beyond that which is usually adjudicated in federal court. Normally only those cases which are brought or could be brought under 28 U.S.C. § 1331, § 1332 or § 1333 may be heard

in federal court. Section 1441(d) allows a case which fits none of these areas of jurisdiction to be removed and heard in federal court. *See Nolan v. Boeing Co.*, 919 F.2d 1058, 1062–3 (5th Cir.1990), *cert. denied*, 499 U.S. 962, 111 S.Ct. 1587, 113 L.Ed.2d 651 (1991). The instant matter is such a case.

of Cover Note IO–30588. The insurance in question is a package plan, which provides three separate types of coverage: 1) marine liability coverage, 2) contractors equipment coverage, and 3) excess liability coverage. GAN alleges that it subscribed only to the sections of Cover Note IO–30588 providing marine liability and equipment coverage. Accordingly, GAN asserts that Mendes & Mount is authorized to receive service of process for GAN only when Boh Brothers or Cover Note IO–30588 is being sued for marine or equipment damage. In other words, GAN argues that, because the second amended petition sought to sue those insurers providing Boh Brothers excess coverage and not those insurers providing marine or equipment coverage, Mendes & Mount was not authorized to accept service of process for GAN.

These arguments contain one fatal flaw which GAN cannot avoid. Mendes & Mount was designated as GAN's agent for service of process with regard to any suit instituted on Cover Note IO–30588. GAN was an underwriter on the policy in question. The plaintiff served Mendes & Mount. "As a general rule, a complaint is considered received by a corporation when it is received by an agent authorized to accept service of process." *Tech Hills II Associates v. Phoenix Home Life Mutual Ins. Co.*, 5 F.3d 963, 968 (6th Cir.1993). The fact, if true, that GAN is not an underwriter for section three of the policy is an argument to be raised through a motion to dismiss (or peremptory exception) and not in an attempt to defeat proper notice of this lawsuit. GAN's agent for service of process received notice of the lawsuit January 3, 1995. Thus, the time period for removal of this lawsuit should properly be calculated from that date.

GAN removed this suit from state court 400 days after it had received a copy of the initial pleading. Normally, a party has thirty days from receipt of the initial pleading to file its notice of removal. 28 U.S.C. § 1446(b). This rule is relaxed when foreign states are involved, and this thirty day period "may be enlarged at any time for cause shown." 28 U.S.C. § 1441(d). The express language of the statute requires only that the foreign state show some "cause" and does not require "good cause." *Tennessee Gas Pipeline Co. v. Continental Casualty Co.*, 814 F.Supp. 1302, 1304 (M.D.La.1993). Therefore, the period of enlargement is left to the discretion of the trial court who must balance Congress' express preference for allowing foreign states to proceed in federal court while being mindful of the role of state courts in our federal system and the policy of construing the removal statutes strictly and in favor of remand to state court. *Talbot v. Saipem A.G.*, 835 F.Supp. 352, 355 (S.D.Tex. 1993); *York v. Horizon Federal Savings and Loan Association*, 712 F.Supp. 85, 87 (E.D.La.1989).

The factors to be considered in determining whether to enlarge the time in which a foreign state has to remove an action from state court are as follows: "the purpose of the removal statute, the extent of prior activity in the state system, the prejudice to both parties, the effect on the substantive rights of the parties and any intervening equities." *Refco, Inc. v. Galadari*, 755 F.Supp. 79, 83 (S.D.N.Y.1991). The greatest weight, considering this Court's respect for federalism, is given to the extent the case has progressed in state court prior to removal by the foreign state.[6] *See Boland v. Bank Sepah–Iran*, 614 F.Supp. 1166, 1169 (S.D.N.Y. 1985).

In the instant matter a great deal of activity has occurred in state court. The issue of liability has been decided and finalized. Moreover, the damages issues have been litigated to the extent that the dismissal of plaintiffs claims for penalties is currently being appealed. Considering that dispositive questions have already been resolved by the state court action in this case, this factor weighs heavily on the side of remand. Furthermore, there is no evidence that GAN will be prejudiced if it is forced to continue forward in state court. Additionally, the rights of the plaintiffs to a jury trial on the issue of damages would be lost if this case were allowed to proceed in this Court. Finally, 400 days was more than an adequate amount of time for GAN to review the petition in this

---

**6.** In *Talbot v. Saipem A.G.*, 835 F.Supp. 352, 355 (S.D.Tex.1993), the court stated simply "untimely removal is generally allowed when there has been little prior activity in the state court."

matter and the policy the plaintiffs were suing on, the "cause" alluded to by GAN.[7]

Considering the progress of this litigation at the time GAN received notice of this suit, the simplicity of the allegations asserted therein, the cause proffered by GAN and the possible prejudice on the plaintiffs if the case were removed to federal court, the Court can find no justification for a delay of more than one year in removing this case. GAN's removal was untimely and thus defective.

### CONCLUSIONS

For the foregoing reasons, the Court finds that this case was not properly removed. Therefore, the plaintiffs motion to remand is GRANTED and IT IS HEREBY ORDERED that the above captioned matter be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.[8]

7. The following examples show how some courts have viewed these factors. In *Talbot v. Saipem A.G., supra,* the court allowed the foreign state defendant an extra four months beyond the thirty day limit where no depositions had been taken and no motions had been ruled on in the state court action. Similarly, in *Refco, Inc. v. Galadari, supra,* removal was permitted five years after the commencement of the state court action since there had been little if any progress in state court.

On the other hand, in *Boland v. Bank Sepah–Iran, supra,* the court ruled that removal was untimely after five years because there had been extensive activity in state court.

8. Because of the Court's ruling as to timeliness, the Court need not address the other issues raised by the parties in their supplemental briefs.