Jason E. BROWN, Plaintiff,

v.

**ALTER BARGE LINE, INC.,**
d/b/a Blackhawk Fleet,
et al., Defendants.

No. CIV. 06–20–GPM.

United States District Court,
S.D. Illinois.

Aug. 29, 2006.

Christopher W. Dysart, Dysart Law Firm, St. Louis, MO, for Plaintiff.

Neal W. Settergren, Robert D. Nienhuis, Goldstein & Price, St. Louis, MO, for Defendants.

## MEMORANDUM AND ORDER

MURPHY, Chief Judge.

This action is before the Court on the Motion to Remand brought by Plaintiff Jason E. Brown (Doc. 44) and the Rule 59 Motion to Alter Judgment brought by Defendant Alter Barge Line, Inc. ("Alter") and Defendant Blackhawk Fleet, Inc. ("Blackhawk") (Doc. 41). For the following reasons, Brown's request for remand, construed as a motion brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is **GRANTED**. The Court's Order entered July 31, 2006, dismissing this action without prejudice for lack of subject matter jurisdiction is **VACATED**, and, pursuant to 28 U.S.C. § 1447(e), this action is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction. The Rule 59 motion brought by Alter and Blackhawk is **DENIED**.

### INTRODUCTION

Brown originally brought this action against Alter in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. Brown's claims arise from injuries he allegedly sustained while working as a deckhand on a barge owned and operated by Alter. Alter removed the case to this Court, invoking the Court's diversity jurisdiction. Brown is an Illinois citizen; Alter is an Iowa citizen. After removal, Brown was granted leave to file an amended complaint naming Blackhawk as an additional party Defendant. Blackhawk is an Illinois corporation and is alleged to have been Brown's employer at the time of the accident. Brown asserts claims against Blackhawk under the Jones Act, 46 App. U.S.C. § 688, and the general maritime law. By Order entered July 31, 2006, the Court dismissed this case without prejudice for lack of subject matter jurisdiction. Alter and Blackhawk have brought a timely motion to alter or amend the Court's judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure; Brown has brought a motion to remand this case to Illinois state court, which the Court, in its discretion, construes as a Rule 59(e) motion.

### DISCUSSION

■■■■ Rule 59 of the Federal Rules of Civil Procedure permits parties to file, within ten days of the entry of judgment, a motion to alter or amend the judgment. *See* FED. R. CIV. P. 59(e); *United States v. Deutsch,* 981 F.2d 299, 301–02 (7th Cir. 1992). Rule 59 may be invoked to alert the court to matters such as newly discovered evidence or manifest errors of law or fact. *See In re Prince,* 85 F.3d 314, 324 (7th Cir.1996); *Russell v. Delco Remy Div.*

*of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995). However, Rule 59 does not give a party the opportunity to undo its own procedural failures or present new evidence or arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996). To succeed, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir.1995) (quoting *FDIC v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986)). The decision to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *In re Prince,* 85 F.3d at 324.

 The joinder of diversity-defeating parties after removal is governed by 28 U.S.C. § 1447, which provides, in pertinent part, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). *See also Kortum v. Raffles Holdings, Ltd.,* No. 01 C 9236, 2002 WL 31455994, at *2–3 (N.D.Ill. Oct. 30, 2002). The decision to permit joinder of diversity-defeating parties is discretionary and guided essentially by equitable considerations. *See Perez v. Arcobaleno Pasta Machs., Inc.,* 261 F.Supp.2d 997, 1001 (N.D.Ill.2003). Specifically, in determining whether to permit joinder of a diversity-defeating party, a court should consider the plaintiff's motivation in seeking to join the additional party, the timeliness of the request, the prejudice to the parties, and other equitable considerations, including the defendant's interest in a federal forum. *See Webster v. Black & Decker, Inc.,* No. 05 C 549 C, 2005 WL 3307506, at *3 (W.D.Wis. Dec. 6, 2005).

 In this instance the parties do not contend, and the record does not show, that Blackhawk was joined solely for the purpose of defeating diversity jurisdiction or that it is not a proper party to this case. Rather, Blackhawk was joined because Alter contends that it is not the owner or operator of the barge on which Brown was working when he was injured. Although the Court recognizes Alter's interest in a federal forum, the Court does not believe that this interest warrants requiring Brown to maintain separate suits in federal court and state court against, respectively, Alter and Blackhawk regarding the subject matter of this case. *See Perez,* 261 F.Supp.2d at 1001–02 (in a personal injury action against the manufacturer of a pasta dough sheeter, allowing joinder of the plaintiff's non-diverse employer as a defendant: "[T]he Plaintiff may not obtain full relief if the amendment is not granted .... Although Defendant does have an interest in the federal forum, it does not outweigh Plaintiff's interest in full recovery."); *Kortum,* 2002 WL 31455994, at *5 (granting leave to join non-diverse parties pursuant to 28 U.S.C. § 1447(e): "If the Court does not grant Plaintiff's Motion, Plaintiff would likely have to bring simultaneous lawsuits in state and federal court, actions that would be litigating identical issues. Such duplicate litigation serves neither the parties nor the court system well."); *County of Cook v. Philip Morris, Inc.,* No. 97 C 3295, 1997 WL 667777, at *4 (N.D.Ill. Oct. 17, 1997) ("Plaintiff assures the court that it will proceed with a separate action in state court against the non-diverse [defendants sought to be joined pursuant to section 1447(e) ] in the event the court denies its motion for leave to amend complaint .... Plaintiff contends that a single trial on the merits of this

action will accommodate equity, economy, and efficiency. The court agrees."); *Goutanis v. Mutual Group (US)*, No. 92 C 1689, 1995 WL 86588, at *7 (N.D.Ill. Feb. 24, 1995) (holding that joinder of non-diverse parties was "necessary to a full determination" of the case and that "[t]he rights of all parties should be determined in one trial."); *Vasilakos v. Corometrics Med. Sys., Inc.*, No. 93 C 5343, 1993 WL 390283, at *4 (N.D.Ill. Sept. 30, 1993) (allowing joinder of non-diverse parties: "The plaintiffs are more likely to be prejudiced if forced to pursue multiple litigation in federal and state court than [the defendant] would be by defending the suit in state court. In fact, federal civil practice encourages the joinder of claims and parties in order to better accommodate judicial efficiency and to avoid wasteful duplication."); *Todd v. Societe Bic*, No. 90 C 5487, 1990 WL 208906, at *1–2 (N.D.Ill. Nov.30, 1990) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987)) ("[B]y allowing the motion to amend and remand, the court will preclude the possibility of having inconsistent verdicts between ... state and federal cases. In sum, 'the balance of the equities' weighs in favor of granting plaintiff's motion to amend the complaint and to remand the case to [Illinois state court].").

 Having concluded that the joinder of Blackhawk is proper, the Court concludes further that it was error to dismiss rather than remand this case. "[W]hen a plaintiff seeks to join a non-diverse party, the court may either deny joinder or permit joinder and remand the entire action to state court." *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir.1996). The language of 28 U.S.C. § 1447(e) "makes it clear that if a plaintiff is permitted to join a non-diverse defendant, the district court is to remand the case." *Startz v. Tom Martin*

*Constr. Co.*, No. 93 C 126, 1994 WL 117464, at *1 (N.D.Ill. Mar. 25, 1994) (citing *Yniques v. Cabral*, 985 F.2d 1031, 1034 (9th Cir.1993)). *See also Sweeney v. Westvaco Co.*, 926 F.2d 29, 42 (1st Cir.1991) ("The history of [section 1447(e)] suggests that Congress added the mandatory word 'shall' ... to make clear that the court must *remand*, not *dismiss*, a removed suit that it lacks power to hear.") (emphasis in original); *Harrell v. Pineland Plantation, Ltd.*, 914 F.Supp. 119, 120 (D.S.C.1996) ("The court ... has only two options when considering post-removal joinder of a non-diverse party: (1) it may deny joinder or (2) it may permit joinder and then remand the case."). Therefore, the Court will vacate its Order dismissing this case and instead remand the case to state court for lack of subject matter jurisdiction.

 Although Alter and Blackhawk contend that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 because, as discussed, Brown's amended complaint contains claims under the Jones Act, the Court disagrees. Both the notice of removal and the amended notice of removal in this case allege only diversity as the basis for the Court's subject matter jurisdiction. "A notice of removal may be amended more than thirty days after the time to remove has expired ... only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice .... Completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished, however." *Bova v. U.S. Bank, N.A.*, 446 F.Supp.2d 926, 936 (S.D.Ill.2006) (quoting *Alsup v. 3-Day Blinds, Inc.*, 435 F.Supp.2d 838, 844 n. 2 (S.D.Ill.2006)). *See also Gray v. Remley*, No. 1:03CV421, 2004 WL 951485, at *5–6 (M.D.N.C. Apr. 30, 2004) (refusing to permit amendment of a notice of removal to allege federal bankruptcy jurisdiction,

where the original notice of removal contained no such allegations, and the time to remove had expired); *Briarpatch Ltd., L.P. v. Pate,* 81 F.Supp.2d 509, 517–18 (S.D.N.Y.2000) (in a case originally removed based on diversity jurisdiction, failure to assert federal question jurisdiction is a substantive defect which a defendant cannot cure by amendment after expiration of the thirty-day time limit for removal); *Schepis v. Local Union No. 17, United Bhd. of Carpenters & Joiners of Am.,* 989 F.Supp. 511, 516 (S.D.N.Y.1998) ("[W]hile [a] defendant is free to amend [a] removal petition within [the] 30–day statutory removal period to add additional grounds, a wholly absent basis for removal cannot be supplied after the 30–day period has run."); *Lowes v. Cal Dive Int'l, Inc.,* Civil Action No. 97–407, 1997 WL 178825, at *1–2 (E.D.La. Apr. 7, 1997) (in a case originally removed based on federal question jurisdiction, the failure to assert diversity jurisdiction was a substantive defect that the defendants could not cure by amendment after expiration of the thirty-day time limit); *Energy Catering Servs., Inc. v. Burrow,* 911 F.Supp. 221, 223 (E.D.La. 1995) (the defendant could not amend his notice of removal to assert admiralty jurisdiction where his original notice focused solely on diversity jurisdiction); *Iwag v. Geisel Compania Maritima, S.A.,* 882 F.Supp. 597, 601 (S.D.Tex.1995) (the removing defendants' supplementary notice of removal suggesting that the plaintiff seamen's petition included a separate and independent penalty wage claim under a federal statute governing seamen's entitlement to wages was a suggestion not contained in the original notice of removal, and therefore would not be considered by the court as a basis for subject matter jurisdiction); *Holt v. Lockheed Support Sys., Inc.,* 835 F.Supp. 325, 327–28 (W.D.La.1993) (denying amendment of a notice of removal to assert federal question jurisdiction, where the original notice of removal asserted only diversity and supplemental jurisdiction, and the thirty-day time for removal had passed). The Court concludes that the Rule 59(e) motion brought by Alter and Blackhawk is due to be denied, and this action is due to be remanded to state court.

### CONCLUSION

Brown's Motion to Remand (Doc. 44), construed as a motion brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is **GRANTED**. The Court's Order entered July 31, 2006, dismissing this action without prejudice for lack of subject matter jurisdiction is **VACATED**, and, pursuant to 28 U.S.C. § 1447(e), this action is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction. The Rule 59 Motion to Alter Judgment brought by Alter and Blackhawk (Doc. 41) is **DENIED**.

**IT IS SO ORDERED.**